MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 177
Docket:        Cum-16-373
Submitted
 on Briefs:    May 25, 2017
Decided:       August 8, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, GORMAN, JABAR, and HJELM, JJ.

APPLETREE COTTAGE, LLC

v.

TOWN OF CAPE ELIZABETH

JABAR, J.

[¶1]  Appletree Cottage, LLC, appeals from a judgment of the Superior Court (Cumberland County, *Mills, J.*) affirming the Cape Elizabeth Code Enforcement Officer's issuance of a building permit.  Because the Town Code Enforcement Officer's decision granting the building permit is the operative decision on appeal and because that decision lacks sufficient factual findings to permit meaningful review, we vacate and remand.

## I. INTRODUCTION

[¶2]  The following facts are supported by evidence in the record.[1]  *See Mills v. Town of Eliot*, 2008 ME 134, ¶ 6, 955 A.2d 258.  Christopher Bond is the owner of a plot of land in Cape Elizabeth.  The property is a nonconforming lot located in the Residence A District (RA District).  *See* Cape Elizabeth, Me., Zoning Ordinance §§ 19-1-3, 19-6-1 (Sept. 11, 2014).[2]  Currently situated on the property is a 672-square-foot one-bedroom cottage.

[¶3]  On June 30, 2015, Bond submitted to the Town Code Enforcement Officer (CEO) an application for a building permit.  Through his application, Bond sought permission to construct two twelve-foot by twelve-foot "accessory structures" on the property.  The site plan appended to Bond's application proposed that the two structures, or "cubes," would be constructed twenty feet from the adjacent property line.  In the application, Bond represented that the proposed development would increase the number of bedrooms on the property from one to three.  The application contains no other information regarding Bond's proposed use for the structures.  A stamp

---

[1]  Similar to the circumstances before us in *Mills v. Town of Eliot*, here, "[a]s discussed . . . below, the factual underpinning for this case is complicated because the Board that created the record was not authorized to hold a de novo hearing."  2008 ME 134, ¶ 6 n.4, 955 A.2d 258.

[2]  The Cape Elizabeth Zoning Ordinance has since been amended.  *See* Cape Elizabeth, Me., Zoning Ordinance § 19-5-2(A) (Nov. 5, 2016).  The changes in the Ordinance that are relevant to this appeal are discussed below.

reading "APPROVED" accompanied by a handwritten notation on the first page of the application indicates that the Town CEO granted Bond's application on August 21, 2015.

[¶4]  On September 18, 2015, Appletree Cottage, LLC, the owner of property abutting Bond's, appealed the CEO's grant of the building permit to the Town Zoning Board of Appeals (ZBA), arguing that the cubes were not "accessory structures," and therefore their construction would violate the Town Zoning Ordinance.[3]  Prior to the ZBA hearing, Bond submitted to the Board a written response to Appletree Cottage's appeal in which he asserted that the cubes would not be used purely as bedrooms; rather, they would be used as needed to supplement the small size of the cottage.  Specifically, Bond asserted that, in addition to sleeping, the cubes could also be used for hobbies, home entertainment, or an office.

[¶5]  At the hearing on Appletree Cottage's appeal, the ZBA heard testimony from Bond, counsel for Appletree Cottage, the Town CEO, and a community member.  Through his testimony, Bond reiterated that the cubes

---

[3]  The Ordinance defines the term "accessory building or structure" as "[a] detached, subordinate building, the use of which is clearly incidental and related to that of the principal building or use of the land, and which is located on the same lot as the principal building or use."  Cape Elizabeth, Me., Zoning Ordinance § 19-1-3 (Sept. 11, 2014).  Accessory buildings are permitted within the RA District as accessory uses.  *Id.* § 19-6-1(B)(4)(a).  Conversely, "[a]ll uses not specifically allowed as permitted uses or conditional uses are prohibited within [the RA] district."  *Id.* § 19-6-1(D).

4

would be used for "incidental sleeping," as well as for various other hobbies. The CEO testified to the reasons why he approved the application; namely, that because the cubes did not constitute "dwelling units" as defined by the Ordinance, the proposed structures were "accessory" and therefore permissible within the RA District. *See* Cape Elizabeth, Me., Zoning Ordinance §§ 19-1-3, 19-6-1(D).

[¶6]  At the conclusion of the hearing, the ZBA issued factual findings and affirmed the CEO's decision after determining that the cubes constituted "accessory structures" and were therefore permitted in the RA District. *See id.* §§ 19-1-3, 19-6-1(B)(4).  Pursuant to M.R. Civ. P. 80B Appletree Cottage filed a complaint in the Superior Court seeking appellate review of the ZBA's decision.  Appletree Cottage asserted that the ZBA erred in concluding that the cubes were "accessory structures" as defined by the Zoning Ordinance and challenged the Board's determination that the location of the cubes, as depicted on the site plan, complied with the Ordinance's set-back requirements.

[¶7]  The Superior Court rejected these arguments and affirmed the ZBA's decision.  Appletree Cottage now appeals from that decision.

## II. DISCUSSION

### A. The Operative Decision

[¶8]  Although the Superior Court noted in its judgment that there was uncertainty surrounding whether the CEO's or the ZBA's decision was the operative decision for the purpose of appellate review, the parties agree that, pursuant to the Town Zoning Ordinance in effect at the time of the proceeding, the CEO's decision is the operative decision.[4]

### B. The CEO's Decision

[¶9]  We review the CEO's decision for an "abuse of discretion, errors of law, or findings not supported by the substantial evidence in the record." *Mills*, 2008 ME 134, ¶ 18, 955 A.2d 258.  However,

> [m]eaningful judicial review of an agency decision is not possible without findings of fact sufficient to apprise the court of the decision's basis.  In the absence of such findings, a reviewing court cannot effectively determine if an agency's decision is supported by the evidence, and there is a danger of judicial usurpation of administrative functions.

*Id.* ¶ 19 (quotation marks omitted).  Further, in conducting this review we neither "embark on an independent and original inquiry," nor do we "review

---

[4]  The current Ordinance explicitly provides the ZBA with the authority to consider issues de novo. *See* Cape Elizabeth, Me., Zoning Ordinance § 19-5-2(A) (Nov. 5, 2016) (providing that the ZBA is to consider issues "afresh," reviewing "materials presented to or used by the Code Enforcement Officer (if any), as well as any new evidence or testimony presented at the hearing before the Board").

6

the matter by implying the findings and grounds for the decision from the available record." *Chapel Rd. Assocs. v. Town of Wells*, 2001 ME 178, ¶ 13, 787 A.2d 137 (quotation marks omitted).

[¶10]  Here, in granting Bond's application for a building permit, the CEO made no factual findings.  The only evidence of the CEO's decision in the record is a copy of Bond's building permit application bearing a stamp that reads "APPROVED" on the first page.[5]  Using this scant record to review the CEO's decision would necessarily require us to improperly imply the findings and the grounds upon which he based his decision.  *See id.*  Further, the absence from the record of the CEO's factual findings is particularly problematic here, where Bond's eligibility for a permit depends in large part on his proposed use of the structures, which is a fact-intensive inquiry.  *See* Cape Elizabeth, Me., Zoning Ordinance §§ 19-1-3, 19-6-1(B).  Therefore, the CEO's decision is insufficient to allow for meaningful appellate review.

[¶11]  Although a more detailed record was developed through the ZBA hearing, pursuant to the then-existing Ordinance, the ZBA was not authorized to conduct a de novo hearing and therefore its decision is not operative.  *See Mills,* 2008 ME 134, ¶ 13, 955 A.2d 258.  Thus, considering that evidence in a

---

[5]  The only other "findings" by the CEO in the record are found in his testimony given at the ZBA hearing on Appletree Cottage's appeal of his decision to grant Bond's application.

M.R. Civ. P. 80B appeal would run afoul of the Rule's mandate that "review shall be based upon the record of the proceedings before the governmental agency" that issued the operative decision. M.R. Civ. P. 80B(f).

C. Conclusion

[¶12] Because the CEO's grant of Bond's building permit is the operative decision, and because that decision lacks sufficient factual findings to permit meaningful appellate review, we vacate and remand to the CEO to make detailed findings and conclusions.[6] *See Mills*, 2008 ME 134, ¶ 20, 955 A.2d 258. On remand, the CEO must determine whether Bond's proposed use of the cubes conforms with the uses permitted within the RA District and whether the location of the proposed structures complies with the Ordinance's set-back requirements.

The entry is:

> Judgment vacated. Remanded to the Superior Court with instructions to remand the matter to the Zoning Board of Appeals with instructions to remand to the Town Code Enforcement

---

[6] We recognize that—as was the case here—municipal ordinances governing a CEO's review of and action on a permit application may not provide a mechanism for creating a record adequate for appellate review. Nonetheless, since at least 2008, municipalities have been on notice of their obligation to create such a record when the decision of the CEO is the operative one for appellate purposes. *See Mills*, 2008 ME 134, ¶¶ 18-20, 955 A.2d 258. Here, until the Town recently amended its Ordinance to authorize the ZBA to conduct de novo hearings, the CEO's decision had been the operative one, so the Town bore the responsibility for creating a record of the CEO's findings and conclusions, as the CEO will be required to do on remand.

Officer for further proceedings consistent with this opinion.

---

Sigmund D. Schutz, Esq., and Jonathan G. Mermin, Esq., Preti Flaherty Beliveau & Pachios, LLP, Portland, for appellant Appletree Cottage, LLC

John J. Wall, III, Esq., Monaghan Leahy, LLP, Portland, for appellant Town of Cape Elizabeth

Cumberland County Superior Court docket number AP-2015-45
FOR CLERK REFERENCE ONLY