MAINE SUPREME JUDICIAL COURT                                   Reporter of Decisions
Decision:       2017 ME 195
Docket:         Cum-16-552
Submitted
  On Briefs:    June 29, 2017
Decided:        September 19, 2017

Panel:          SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


# LESLIE FISSMER et al.

v.

# TOWN OF CAPE ELIZABETH et al.


HJELM, J.

[¶1]  Leslie Fissmer, individually and as trustee of the Leslie S. Fissmer Revocable Trust (collectively, Fissmer), appeals from a judgment of the Superior Court (Cumberland County, *L. Walker, J.*) affirming a decision of the Cape Elizabeth Zoning Board of Appeals, which in turn determined that the Cape Elizabeth Code Enforcement Officer had properly issued a building permit to Cunner Lane LLC.[1]  Fissmer, an abutting property owner,[2] argues that the ZBA erred by determining that a Declaration of Covenants applicable to Cunner Lane LLC's property satisfied a requirement of the Cape Elizabeth

---

[1]  Fissmer and Cunner Lane LLC have participated in this appeal.  The Town of Cape Elizabeth has not.

[2]  Although Fissmer is a party in her individual capacity, the complaint and the record indicate that the property is owned by the Trust.  Any ambiguity on that point is not material here.

Zoning Ordinance that "legally binding arrangements exist to provide for the long-term maintenance of [a private] road" before a permit can be issued allowing construction on a parcel located on that road. Cape Elizabeth, Me., Zoning Ordinance § 19-7-9(A)(2) (Sept. 11, 2014).[3] Although we treat the CEO's decision as the operative one, we agree that there is no evidence in the record showing that the permit application met the requirements of section 19-7-9(A)(2). We therefore vacate the judgment and remand for the CEO to deny the application.

## I. BACKGROUND

[¶2] The following facts, which are not disputed, are established in the administrative record.

[¶3] In 1998, David D. Smith acquired a 7.6-acre parcel of land located in Cape Elizabeth at 21 Cunner Lane, a private road. In February 2010, Smith conveyed a 2.4-acre portion of his parcel to Cunner Lane LLC. The address of the newly created parcel is 19 Cunner Lane. Smith retained the remaining portion of his parcel at 21 Cunner Lane. As shown on a boundary survey, Cunner Lane begins where it intersects with a public way and continues for

---

[3] As we discuss below, *see infra* n.4, certain provisions of the Cape Elizabeth Zoning Ordinance were amended after the events pertinent to this case. *See* Cape Elizabeth, Me., Zoning Ordinance (Nov. 5, 2016). We cite to the version of the Ordinance in effect when the CEO and the ZBA issued their decisions.

some distance, passing other parcels, before it reaches and abuts the parcels at 19 and 21 Cunner Lane.

[¶4]   Also in February 2010, the Cape Elizabeth Code Enforcement Officer confirmed to Smith in writing that "the 2.4 acre parcel . . . may be created and conveyed out so long as" the grantee, Cunner Lane LLC, satisfied section 19-7-9(A) of the Zoning Ordinance.  That provision would require that the private road—Cunner Lane—leading to the new parcel "provides adequate all-season emergency access for the existing and proposed use," Cape Elizabeth, Me., Zoning Ordinance § 19-7-9(A)(1), and that "legally binding arrangements exist to provide for the long-term maintenance of the road." *Id.* § 19-7-9(A)(2).

[¶5]  In March 2010, the CEO sent Smith a second letter stating that he and the Town's Fire Chief had inspected Cunner Lane "in conjunction with section 19-7-9" and had determined that, "in its current condition," Cunner Lane provided "adequate . . . emergency access" to the "proposed" new parcel, but that to accommodate "large fire equipment" a driveway and turn-around would have to be installed "prior to occupancy of any future dwelling" and would have "to be included in the long-term [road] maintenance agreement."

[¶6]   The next month, Smith executed and recorded a "Declaration of Covenants with Respect to Road Maintenance" that subjected the "parcel of land located at 21 Cunner Lane"—described as encompassing the entire lot conveyed to Smith in 1998, including the new lot at 19 Cunner Lane—to several "covenants running with the land," including the following: "The Undersigned hereby agrees to provide for the maintenance and repairs necessary to keep *that portion of Cunner Lane abutting the Property* passable on foot and by motor vehicles, including without limitation, the emergency vehicles of the Town of Cape Elizabeth, including grading, snowplowing, sanding and trimming of vegetation."  (Emphasis added.)  The Declaration further stated that Smith agreed to install the improvements identified in the CEO's March 2010 letter "prior to the occupancy of any future dwelling" located on the parcel.

[¶7]   Five years later, in April 2015, Cunner Lane LLC applied for a building permit to construct a "new single family dwelling" on its 2.4-acre parcel located at 19 Cunner Lane.  The Town's new CEO approved the application except for one aspect of the building design that is not relevant to this appeal.

[¶8]  Fissmer, an abutting property owner, filed an appeal with the Zoning Board of Appeals from the CEO's decision to issue the permit.  In the written appeal, she asserted that Cunner Lane LLC had not satisfied section 19-7-9-(A)(2) of the Zoning Ordinance because there was no legally binding arrangement for the long-term maintenance of the road.  At a hearing held by the ZBA in July 2015, Fissmer also argued that the 2010 Declaration of Covenants did not satisfy section 19-7-9(A)(2) because it applied only to the portion of Cunner Lane that abutted the original 7.6-acre parcel, not to the entirety of the private way.

[¶9]  Based on the evidence submitted by the parties both before and during the hearing—which went beyond the evidence that had been the basis for the CEO's decision—the ZBA voted unanimously that the CEO "did not err by approving" the permit application and issued three "findings," which merely summarized procedural events.  Fissmer appealed the ZBA's decision to the Superior Court, *see* 30-A M.R.S. § 2691(4) (2016); M.R. Civ. P. 80B, and in May 2016, the court (*L. Walker, J.*) issued a judgment concluding that the ZBA's decision was the operative one for purposes of judicial review but that the decision was insufficient to allow for meaningful appellate review.  For

6

that reason, the court remanded the matter for the ZBA to issue further findings of fact.

[¶10]  On remand, in June 2016, the ZBA issued several additional findings of fact based on the record that had been developed at the first hearing, including a finding that Cunner Lane LLC had satisfied section 19-7-9(A)(2) "[b]y virtue of" the 2010 Declaration of Covenants.  Fissmer again appealed to the Superior Court pursuant to 30-A M.R.S. § 2691(4) and M.R. Civ. P. 80B, and the court affirmed the ZBA's decision.  Fissmer appeals to us pursuant to 14 M.R.S. § 1851 (2016), M.R. Civ. P. 80B(n), and M.R. App. P. 2(b)(3).

## II. DISCUSSION

[¶11]  Fissmer argues that the 2010 Declaration of Covenants was insufficient to support the ZBA's determination that Cunner Lane LLC's application satisfied section 19-7-9(A)(2) of the Cape Elizabeth Zoning Ordinance, which is a predicate to the issuance of a building permit.  *See* Cape Elizabeth, Me., Zoning Ordinance § 19-7-9(A).

[¶12]  "In a Rule 80B appeal, the Superior Court acts in an appellate capacity,  and,  therefore,  we  review  the  agency's  decision  directly."  *21 Seabran, LLC v. Town of Naples*, 2017 ME 3, ¶ 9, 153 A.3d 113 (quotation

marks omitted). We have recently stated that pursuant to the same version of the Ordinance governing this action, the CEO's decision—not the ZBA's—is the operative one for purposes of appellate review because the Ordinance did not authorize the ZBA to decide the matter de novo. *Appletree Cottage, LLC v. Town of Cape Elizabeth*, 2017 ME 177, ¶¶ 2 n.1, 11, --- A.3d ---; *see also Portland Cellular P'ship v. Town of Cape Elizabeth*, 139 F. Supp. 3d 479, 486-87 (D. Me. 2015) (stating that pursuant to the Ordinance applicable here, the ZBA is to act in an appellate capacity and that a court therefore reviews the CEO's decision); *see generally Stewart v. Town of Sedgwick*, 2000 ME 157, ¶¶ 6-8, 757 A.2d 773. Therefore, although the parties have cast the ZBA as the body that issues the operative decision, we review the CEO's decision.[4]

[¶13] "We review the CEO's decision for an abuse of discretion, errors of law, or findings not supported by the substantial evidence in the record." *Appletree Cottage*, 2017 ME 177, ¶ 9, --- A.3d --- (quotation marks omitted).

---

[4] In the end, the question of whether the CEO or the ZBA issued the operative decision does not affect our analysis because the record associated with both phases of the municipality's action is, as a matter of law, insufficient to support the permit. The only effect flowing from this issue is the determination of which municipal office will, on remand, be required to deny the application.

We note, as we did in in *Appletree*, that the Town's Zoning Ordinance was amended effective several months after the ZBA issued its final decision in this case and now expressly authorizes the ZBA to "hear . . . administrative appeals on a de novo basis . . . by deciding . . . matters afresh, undertaking its own independent analysis of evidence and the law and reaching its own decision." *See* Cape Elizabeth, Me., Zoning Ordinance § 19-5-2(A) (Nov. 5, 2016); *Appletree Cottage, LLC v. Town of Cape Elizabeth*, 2017 ME 177, ¶ 8, n.4, --- A.3d --- ("The current Ordinance explicitly provides the ZBA with the authority to consider issues de novo."). The current Zoning Ordinance therefore now establishes the ZBA's authority to conduct a de novo hearing.

8

"Although interpretation of an ordinance is a question of law, we accord substantial deference to [a municipality's] characterizations and fact-findings as to what meets ordinance standards." *Bizier v. Town of Turner*, 2011 ME 116, ¶ 8, 32 A.3d 1048 (quotation marks omitted). Cunner Lane LLC, as the permit applicant, had the burden to establish "the factual elements necessary for the grant of [its] application." *Mills v. Town of Eliot*, 2008 ME 134, ¶ 20, 955 A.2d 258. Fissmer, however, has the burden of persuasion on appeal to show that "no competent evidence" supports the CEO's findings. *See Osprey Family Trust v. Town of Owls Head*, 2016 ME 89, ¶¶ 9-10, 141 A.3d 1114 (quotation marks omitted).

[¶14] The Ordinance central to this appeal is section 19-7-9(A), which states:

> A private road that existed as of June 4, 1997, and is shown on the Town Street Map may be used to provide access to and street frontage for a residential lot upon certification by the Code Enforcement Officer that:
>
> 1. based upon the recommendation of the Fire Chief, that the road provides adequate all-season emergency access for the existing and proposed use, and
>
> 2. legally binding arrangements exist to provide for the long-term maintenance of the road.

Cape Elizabeth, Me., Zoning Ordinance § 19-7-9(A). Section 19-7-9(A) further states, "No building permit shall be issued until . . . legally binding arrangements for long-term maintenance are in place." *Id.* Whether Cunner Lane LLC's permit application satisfied the requirements of the Ordinance is a mixed question of law and fact. *See Osprey Family Trust*, 2016 ME 89, ¶ 11, 141 A.3d 1114.

[¶15] "[T]he terms or expressions in an ordinance are to be construed reasonably with regard to both the objectives sought to be obtained and the general structure of the ordinance as a whole . . . ." *Gensheimer v. Town of Phippsburg*, 2005 ME 22, ¶ 22, 868 A.2d 161 (quotation marks omitted). Here, the obvious purpose of section 19-7-9(A) is to ensure that emergency vehicles will be able to obtain access to a new lot located on a private road and, because that requirement must be met for the CEO to properly issue a building permit for a structure located on that lot, the road will be maintained to allow emergency access throughout the year. This interpretation is supported not only by the nature of the requirements the provision creates, but also by the stated purpose of the Zoning Ordinance, which "is to promote the health, safety and general welfare of the residents of Cape Elizabeth; . . . [and] to provide safety from fire and other hazards; . . . [and]

adequate public services." Cape Elizabeth, Me., Zoning Ordinance § 19-1-2 (Sept. 11, 2014).

[¶16] Construing section 19-7-9(A) in light of that overall objective, *see Gensheimer*, 2005 ME 22, ¶ 22, 868 A.2d 161, we conclude that the provision's reference to a "road" must be to the *entire* part of the road from its intersection with a public way to at least the location of the proposed structure, and not just the section of the road abutting a permit applicant's property. To hold otherwise would defeat the purpose of ensuring that emergency vehicles can gain access to structures located on private roads, which the Town may not be responsible to maintain.

[¶17] Here, the CEO did not issue findings of fact or conclusions of law to explain the basis for his approval of Cunner Lane LLC's building permit application. Rather, the record of the CEO's actions is limited to a stamp at the top of the application stating "APPROVED." We have held that we will not imply findings or create an analytical construct that we would then attribute to a municipal decision-maker, because that judicial intervention would both prevent us from determining properly whether the municipal action is supported by the evidence and invite "judicial usurpation of administrative

functions." *Appletree Cottage*, 2017 ME 177, ¶ 9, --- A.3d --- (quotation marks omitted).

[¶18]  Here, regardless of the absence of findings, the issuance of the building permit was erroneous as a matter of law because there is *no* evidence in this record that could support the CEO's determination that Cunner Lane LLC had met the requirements of section 19-7-9(A)(2).  Cunner Lane LLC's entire argument here is that the 2010 Declaration of Covenants satisfied that provision.  Even assuming that the CEO considered the 2010 Declaration as part of the permit application,[5] that instrument provides *only* for the maintenance of that portion of the private road abutting the parcel conveyed to Smith in 1998, which today encompasses 19 and 21 Cunner Lane.  It does nothing to require or otherwise provide for *any* maintenance of the section of Cunner Lane between its intersection with a public way and Cunner Lane LLC's parcel itself, over which emergency vehicles will need to travel in order

---

[5]  The record is not entirely clear on that point.  Smith executed the 2010 Declaration shortly after the Town's prior CEO wrote to him about the adequacy of Cunner Lane to accommodate emergency vehicles and made reference to "the long-term maintenance agreement" for the road. Despite these communications, the copy of the 2015 permit application contained in the record on appeal does not include the Declaration.  Nonetheless, a copy of the Declaration was submitted to the ZBA as part of its consideration of "whether the decision of the Code Enforcement Officer is in conformity with the provisions of this Ordinance. . . ."  *See* Cape Elizabeth, Me., Zoning Ordinance § 19-5-2(A); (AR. 54, 115.)  Further, if the CEO had *not* been presented with the 2010 Declaration at all as part of Cunner Lane LLC's permit application, then the CEO would have had no information about *any* agreement regarding the maintenance of the road, as opposed to covenants that—as we discuss in the text—are insufficient to meet the requirements of section 19-7-9(A)(2).

12

to get to 19 Cunner Lane.  Accordingly, the 2010 Declaration fails to fulfill both section 19-7-9(A)(2) and the overall purpose of the Zoning Ordinance to ensure emergency access and public safety, and the instrument is insufficient to support a proper determination that a permit application should be issued.

[¶19]  Because there is no competent evidence in the record to support the determination that Cunner Lane LLC's application satisfied section 19-7-9(A)(2), *see Osprey Family Trust*, 2016 ME 89, ¶¶ 9-10, 141 A.3d 1114, we vacate the judgment and remand this matter for the court to remand to the ZBA with instructions to issue a decision determining that the CEO's approval of Cunner Lane LLC's permit application was not "in conformity with the provisions" of the Cape Elizabeth Zoning Ordinance, *see* Cape Elizabeth, Me., Zoning Ordinance § 19-5-2(A), and directing the CEO to deny the permit application.[6]

---

[6] The parties have indicated that after the ZBA issued its second decision affirming the CEO's approval of the permit application based on the 2010 Declaration of Covenants, Smith executed and recorded an "*Amended* Declaration of Covenants with Respect to Road Maintenance" that applies to the *entirety* of Cunner Lane, not just the portion of the private road abutting 19 and 21 Cunner Lane. (Emphasis added.)  As Fissmer correctly states, the Amended Declaration of Covenants is not part of the record on appeal because it did not even exist until after the municipal proceedings had been completed.  *See* M.R. Civ. P. 80B(f) (stating that with limited exception, "review shall be based upon the record of the proceedings before the governmental agency").  For this reason, we cannot properly consider whether the Amended Declaration satisfies section 19-7-9(A)(2).  In light of Fissmer's arguments that are based on the original Declaration of Covenants, however, the creation of the Amended Declaration is a matter that likely could have been presented to the CEO for a determination of whether that new instrument satisfied the Ordinance, thereby avoiding both the consumption of judicial resources and expense to the parties from this appeal that is based entirely on an instrument that appears to have been superseded.

The entry is:

> Judgment vacated. Remanded to the Superior Court with instructions to remand to the Zoning Board of Appeals to issue a decision stating that the Code Enforcement Officer's approval of the building permit did not conform with the provisions of the municipal ordinance and directing the CEO to deny the permit application.

---

John B. Shumadine, Esq., Murray, Plumb & Murray, Portland, for appellant Leslie Fissmer

Alan Atkins, Esq., Alan R. Atkins & Associates, Portland, and Aaron Mosher, Esq., Mosher Law Firm, LLC, Portland, for appellee Cunner Lane LLC