STATE OF MAINE
Cumberland, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-18-20

CHRISTOPHER AND JULIE MUNZ,

Petitioners

v.

DECISION AND ORDER

TOWN OF CAPE ELIZABETH,

and

MARGARET BIRLEM AND
NOELLE C. DELUCA,

Respondents

STATE OF MAINE
Cumberland ss Clerk's Office

MAR 13 2019 9:07AM
RECEIVED

Before the court is petitioners Christopher Munz and Julie Munz's Rule 80B appeal of respondent Town of Cape Elizabeth's May 15, 2018 approval of respondents Margaret Birlem and Noelle C. Deluca's private road extension application. For the following reasons, the case is remanded to the respondent Town of Cape Elizabeth Planning Board for further findings of fact consistent with this decision and order.

I.    Background

Petitioners Christopher and Julie Munz are owners of 5 South Street, Cape Elizabeth, Maine. (R. 2, p. 2.) Respondent Town of Cape Elizabeth is a Maine municipal corporation located in Cumberland County, Maine, with offices located at 320 Ocean House Road, acting through its Planning Board. (R. 8, p. 13.) Respondents Margaret Birlem and Noelle C. Deluca are owners of 6 South Street and 8 South Street, Cape Elizabeth, Maine, which were consolidated into a single parcel and renamed 8 Aster Lane, Cape Elizabeth, Maine. (R. 3, p. 12-18.)

Plaintiffs–Peggy McGehee, Esq.
Defendant Town–John Wall, Esq.
Defendant Birlem and DeLuca–
Scott D Anderson, Esq.

1

On March 29, 2018, respondents Birlem and DeLuca submitted an application for minor subdivision review to extend a private road pursuant to respondent Town's ordinance. Subdivision Ordinance for Private Road Standards, § 16-2-3. (R. 3.) On April 23, 2018, the Board conducted a hearing to assess the completeness of the application, determined the application was complete, and scheduled a site visit. (R. 8.) The Board conducted the site visit on April 30, 2018. (R. 13, p. 7.)

On May 15, 2018, the Board held a hearing and received evidence both for and against the application. (R. 14-15.) Respondents Birlem and DeLuca submitted a boundary and topographic survey, engineering plans, and a traffic analysis report in support of the Application. (R. 3, R. 10, R. 11.) Respondent Town's engineer analyzed the plans, (R. 5, R. 12) respondent's town planner provided summaries of the project to the Board, (R. 7, R. 13) and the respondent Town's fire chief commented on the plans. (R. 4, R. 14, p. 5 (minutes).) Petitioner Christopher Munz spoke against approval of the application on both April 23, 2018 and May 15, 2018. (R. 8, p. 4 (minutes), R. 14, p. 4 (minutes).) On May 15, 2018, the Board made findings of fact and voted to approve the application with eight conditions. (R. 14, p. 6-9 (minutes).) The Board confirmed the findings and conditional approval by letter dated May 17, 2018. (R. 15.)

II.    Procedural History

Petitioners filed a petition for appeal of government action pursuant to Rule 80B on June 13, 2018. M.R. Civ. P. 80(B). The petitioners claim that the Board's approval of the application was an error of fact and law, an abuse of its discretion, arbitrary and capricious, and unsupported by substantial evidence in the record. Petitioners filed their brief in support of their Rule 80B petition on September 7, 2018. Respondents Birlem and DeLuca filed their brief in opposition to

2

the Rule 80B petition on October 22, 2018. Respondent Town filed its brief in opposition to the Rule 80B petition on October 22, 2018. Petitioners filed a reply brief on November 5, 2018.

III.    Discussion

Petitioners argue that the Board erred in approving the application as it was contrary to Town Zoning and Subdivision Ordinance provisions, is unsupported by required findings of fact, and violated the Munzes' contract and property rights. Respondents Birlem and DeLuca argue that the Munzes do not have standing to appeal the Board's decision, the decision is supported by record evidence, and the decision is adequate for appellate review. Respondent Town argues petitioners have not preserved all issues for appeal, the decision was supported by record evidence, the decision is supported by facts that are obvious or can be inferred, that no amendment process was required, and that petitioners' arguments are not germane to the appeal.

1. Standard of Review

When the Superior Court acts in its appellate capacity pursuant to Rule 80B, the court "directly examine[s] the record developed before the Board . . . for abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." Lane Constr. Corp. v. Town of Washington, 2008 ME 45, ¶ 29, 942 A.2d 1202; M.R. Civ. P. 80B. The court will "neither embark on an independent and original inquiry, nor . . . review the matter by implying the findings and grounds for the decision from the available record." Appletree Cottage, LLC v. Town of Cape Elizabeth, 2017 ME 177, ¶ 9, 169 A.3d 396 (quotations omitted). "The fact that the record before the Board is inconsistent or could support a different decision does not render the decision wrong." Duffy v. Town of Berwick, 2013 ME 105, ¶ 22, 82 A.3d 148 (quotations omitted). Petitioners bear the burden of persuasion on appeal because they seek to vacate the Board's decision. See Fitanides v. City of Saco, 2015 ME 32, ¶ 8, 113 A.3d 1088.

3

2. Standing

"Any party may take an appeal, within 45 days of the vote on the original decision, to Superior Court from any order, relief or denial in accordance with the Maine Rules of Civil Procedure, Rule 80B." Sahl v. Town of York, 2000 ME 180, ¶ 8, 760 A.2d 266. An abutting owner is an owner of land which abuts or adjoins;" the close proximity definition has been applied to an abutting landowner. Sahl, 2000 ME 180, ¶ 9, 760 A.2d 266 (quotations omitted). Abutters need allege only "a potential for particularized injury to satisfy the standing requirement." Sproul v. Town of Boothbay Harbor, 2000 ME 30, ¶ 6, 746 A.2d 368 (quotations omitted). A landowner directly across the street is an abutter for standing purposes. See Sahl, 2000 ME 180, ¶ 10, 760 A.2d 266.

The relevant inquiry to determine the petitioners' standing is land ownership rather than residence. Furthermore, the "threshold requirement for an abutter to have standing is minimal." Sproul, 2000 ME 30, ¶ 7, 746 A.2d 368. "[A] minor adverse consequence affecting the party's property, pecuniary or personal rights is all that is required for the abutting landowner to have standing." Sproul, 2000 ME 30, ¶ 7, 746 A.2d 368. Because petitioners allege particularized injuries and are owners of land that abuts the road extension in question, petitioners have standing. (See Pet. ¶¶ 27-34.)

3. Record on Appeal

A. Minor Subdivision Review for Private Road Extension Application

Petitioners argue the Board abused its discretion and erred as a matter of law in approving the application because it failed to address or meet town subdivision ordinances, specifically traffic standards, stormwater standards, road construction requirements, and waiver provisions. Petitioners also argue the Board's decision was unsupported by substantial evidence in the record.

4

Finally, petitioners argue respondent Town did not have the authority or jurisdiction to permit removal of the gate.

   i.   Traffic Standards

Petitioners argue that the Board failed to address or meet Town Subdivision Ordinance traffic standards. The Board made a factual finding that the respondents Birlem and DeLuca substantially addressed the standards of the private road review and the subdivision ordinance, and this finding is supported by substantial evidence in the Record. (R. 14, p. 7 ¶ 8 (minutes).) The applicants submitted a traffic assessment report prepared by William Bray, P.E., in support of the application. (R. 11.) The traffic assessment report provided that approval of the road extension "will very minimally increase the volume of traffic on South Street." (R. 11, p. 2.) No competing engineering analyses were submitted. The Board also conditioned its approval on the addition of traffic signs. (R. 14, p. 7 ¶ 4 (minutes).) The Board's determination was supported by substantial evidence in the Record.

Petitioners argue that the Board erred as a matter of law and abused its discretion in failing to meet the requirements of Town Subdivision Ordinance, section 16-3-1(d).4, which states a proposed use must "provide safe vehicular and pedestrian travel and traffic patterns." (R. 21, p. 19 (ordinance).) The Board made a factual finding that the applicant substantially addressed the standards of the private road review, and this finding is supported by substantial evidence in the Record. (R. 15, p. 2, ¶ 8.) As discussed, the traffic impact report provided by respondents Birlem and Deluca in support of the application found a very minimal increase in the amount of traffic on South Street. (R. 11, p. 2.)

At the Board meeting on May 15, 2018, citizens expressed concern that removal of a chain barrier on the road extension, between Aster Lane and South Street, would impact their safety. (R.

5

14, p. 2-4 (minutes).) The record shows the chain is an "orphan gate," meaning it is not sanctioned by the Town. (R. 14, p. 5 (minutes).) The Town Fire Chief stated "as a rule they do not like anything that impedes their access to any development or neighborhood . . . [th]e gate is not a problem for him . . . gates slow them down." (R. 14, p. 5 (minutes).) The Board's determination was supported by substantial evidence in the record.

### ii.    Stormwater Standards

Petitioners argue that the Board failed to address or meet Town Subdivision Ordinance stormwater standards, which require an application to "provide for adequate stormwater management." (R. 21, p. 22 (ordinance).)   Respondents Birlem and DeLuca submitted an engineering assessment, which was reviewed by the Town's engineer. (R. 5, R. 12.) They then revised their application to address the Town engineer's comments. (R. 10.) The Town's engineer agreed no formal stormwater report was required given the "minimal net gain impervious area." (R. 12, p. 2.) The Board's determination was supported by substantial evidence in the Record.

### iii.    Road Construction Requirements and Waivers

Petitioners argue that the Board failed to address or meet Town Subdivision Ordinance road construction requirements pursuant to section 16-3-1(d).11, and by reference, section 16-3-2, that a private road be built with wider dimensions than a private accessway. (R. 21, p. 20 (ordinance); Resp. Town Brief, App'x 1, p. 25-29 (ordinance).) Petitioners also argue that the Board erred as a matter of law in waiving the standards for a private road, pursuant to Town Subdivision Ordinance section 16-3-5, including the minimum requirements for road width, shoulder, center line, and stormwater requirements. (R. 21, p. 34 (ordinance).) The Town Subdivision Ordinance authorizes the Board to grant waivers including the minimum requirements for road width when "practical difficulties . . . may result from strict compliance with this

6

Ordinance." Subdivision Ordinance § 16-3-5. (R. 21, p. 34 (ordinance).) The Board found that "the waivers from the road width, shoulder, center line and enclosed stormwater requirements are consistent with the Waiver provision, Sec. 16-3-5, Subdivision Ordinance." (R. 15, p. 1, ¶ 3.) The application was reviewed by the Town Engineer, who deferred to the Board for deciding whether to grant the waivers, because the "waivers do not adversely affect the functionality of this low speed and volume roadway." (R. 12, p. 2.) There is substantial evidence in the record that shows a practical difficulty, which supports the Board's determination.

iv.    Authority to Permit Removal of Gate

Petitioners argue that the Board had no authority or jurisdiction to permit removal of the gate. As discussed above, the respondent Town Planner determined the gate had not been requested by the police chief and was an "orphan gate" and not sanctioned by the town. (R. 14, p. 5 (minutes).) The Board made a factual finding that removal of the gate "will enhance access for emergency vehicles," which adheres to the Town Subdivision Ordinance Section 16-3-1(d), requiring the Board to address safety. (R. 15, p. 1, ¶ 4.; R. 21, p. 18-19 (ordinance).) This finding is supported by respondent Town Fire Chief's statements that "gates slow them down." (R. 14, p. 5 (minutes).) Because the gate is not sanctioned by the town, and the town made factual findings based on substantial evidence in the record that removal of the gate would enhance safety, respondent Town acted within its authority to permit removal of the gate.[1]

B.  Private Accessway and Maintenance Agreement

Petitioners argue that the Board's approval results in requiring a private accessway to serve more than one lot, which violates the Town's Zoning Ordinance, section 19-7-9. (R. 22, p. 196-

---

[1] As discussed below regarding the private accessway and maintenance agreement, if no valid private accessway agreement and accompanying maintenance agreement exists, the Board was authorized to permit the removal of a gate on the private road extension and pursuant to their determination that removal "will enhance access for emergency vehicles." (R. 15, p. 1, ¶ 4.)

7

202 (ordinance).) Respondent Town argues this issue was not preserved for appeal, but even if it was, that the private accessway approval is null and void because its approval was not recorded. (Resp. Town Brief, 18-20.)

In order to preserve an issue for appeal, a party must "raise any objection to the agency to ensure the agency, and not the court, has the first opportunity to pass upon the claims of the parties." Wells v. Portland Yacht Club, 2001 ME 20, ¶ 5, 771 A.2d 371. "An issue is considered raised and preserved for appeal if there is sufficient basis in the record to alert the court and any opposing party to the existence of that issue." Wells, 2001 ME 20, ¶ 5, 771 A.2d 371

At the April 23, 2018 meeting, petitioners' attorney stated, "his clients' property exists under a private accessway that is limited to one lot." (R. 8, p. 4 (minutes).) At the May 15, 2018 meeting, petitioner Christopher Munz said, "We live on an accessway and it is not a private road. What will happen to us? Will we be part of an Aster Lane maintenance agreement?" (R. 14, p. 4 (minutes).) Because petitioners raised this issue before the Board, and the Board had an opportunity to address the claims, petitioners preserved this issue for appeal.

The Board did not make a factual finding on this issue and there is no evidence in the record to show whether the Board considered petitioners' private accessway, and if valid, whether the private accessway or maintenance agreement was affected by the application. Without sufficient findings of fact, the "reviewing court cannot effectively determine if an agency's decision is supported by the evidence, and there is a danger of judicial usurpation of administrative functions." Appletree Cottage, LLC v. Town of Cape Elizabeth, 2017 ME 177, ¶ 9, 169 A.3d 396. When the agency tasked with fact-finding "does not make the necessary findings, the facts found are not obvious, and facts cannot be inferred from stated conclusory facts, the remedy . . . is a remand to the agency for findings that permit meaningful judicial review." Mills v. Town of Eliot, 2008 ME

134, ¶ 20, 955 A.2d 258. Based on this record, the Board did not consider or make a finding regarding the private accessway.

The Town now asserts that no private accessway approval nor plan was recorded, which voids the private accessway according to the approval letter and by statute. (See R. 1, p. 2 ("The original plan(s) and maintenance agreement shall be recorded in the Cumberland County Registry of Deeds within ninety (90) days of approval by the Planning Board . . . If the plan and agreement are not recorded within this period, the approval of the Planning Board shall be void."); R. 22, p. 201 (ordinance).). Neither a recorded private accessway approval nor plan was included in the record.

On this record, the court cannot determine whether the Board should have considered the private accessway issue. Because the court will not "embark on an independent and original inquiry nor review the matter by implying the findings and grounds for the decision from the available record," the remedy is a remand to the Board to determine whether the private accessway is valid, and if so, whether the private accessway and maintenance agreement should be considered under the application. Town of Elliot, 2008 ME 134, ¶ 19, 955 A.2d 258 (original quotation omitted).

C. Subdivision Plan Amendment

Petitioners argue the Board erred as a matter of law when it failed to adhere to subdivision plan amendment requirements pursuant to respondent Town's Subdivision Ordinance Sec. 16-2-5. Respondent Town argues this issue was not preserved for appeal, but even if it was, that the Board's approval did not alter the provisions of any previously-approved subdivision because petitioners misinterpret the meaning of the ordinance. (Resp. Town Brief. 6-8.) Petitioner Christopher Munz testified before the Board on May 15, 2018, stating that respondents Birlem and

9

DeLuca's land are "part of the South Portland subdivision. They were not part of the Cottage Brook Subdivision, nor were they added in an amendment to that subdivision." (R. 14, p. 4 (minutes).) This general statement does not sufficiently raise the argument that in approving the application, the Board failed to adhere to subdivision plan amendment requirements. Petitioners did not preserve this issue for appeal.

D. Procedural Due Process of Law

Petitioners argue that the Board denied their right to due process of law when it approved the application after substantial changes were made. In their brief, petitioners do not argue the substance of this claim. See Mehlhorn v. Derby, 2006 ME 110, ¶ 11, 905 A.2d 290 ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quotation marks omitted)).

IV.    Conclusion

Respondent Town's Planning Board did not adequately consider the validity of the private accessway and whether the application would affect the private accessway and maintenance agreement.

The entry is

> This case is REMANDED to the Respondent Town of Cape Elizabeth Planning Board for further Findings of Fact Consistent with this Decision and Order.

Dated:  March 12, 2019

Nancy Mills
Justice, Superior Court

Entered on the Docket: 3/13/19

mc

10