STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-18-42

MICHAEL ALBERT and
VIRGINIA ALBERT,

        Petitioners

v.

TOWN OF POWNAL, VIANNA
DIGRISTINA and GABRIEL
DIGRISTINA

        Respondents

ORDER AND DECISION

REC'D CUMB CLERKS OFC
MAR 14 '19 AM 8:49

Before the court is petitioners Michael Albert and Virginia Albert's Rule 80B appeal of the respondent Town of Pownal's August 1, 2018 decision. Respondent Town's Board of Appeals determined that respondents DiGristinas' recently built structure was an "accessory structure." For the following reasons, the decision of respondent Town of Pownal's Planning Board is affirmed.

Factual Background

Petitioners Michael Albert and Virginia Albert reside at 400 Hodsdon Road, Pownal, Maine. (R 1.) Respondents Vianna DiGristina and Gabriel DiGristina reside at 390 Hodsdon Road, Pownal, Maine. (R. 1.) Petitioners and respondents DiGristinas are neighbors. (R. 3.) Respondent Town of Pownal is a municipality located in Cumberland County, Maine.

On September 14, 2017, Ryan Keith, respondent Town's Code Enforcement Officer approved a building permit submitted by respondent Vianna DiGristina to build an 865.5 square foot, 19' x 34' "accessory structure." (R. 23.) In the building permit, she specified that the structure would be "utilized as finish space for office space presently and possible rental in the future." (R. 23.)

On June 21, 2018, after respondents DiGristinas finished the structure, CEO Keith issued a certificate of occupancy. (R. 22.) The certificate approved the structure for "Residential use" as a "New Accessory Dwelling/Home occupation." (R. 22.)

On July 12, 2018, petitioners filed an application for an administrative appeal to respondent Town Board of Appeals. (R. 1, 8.) In their appeal, petitioners challenged the CEO's issuance of a certificate of occupancy to respondents DiGristinas. (R. 8.) On August 1, 2018, the Board held a public hearing to address the petitioners' concerns. (R. 1.) For two and one half hours, the Board heard testimony from: petitioner Michael Albert, petitioners' attorney Kristin Collins, respondent Gabriel DiGristina, CEO Keith, Liza Nichols and John Bowdren of the Board, and respondent Town Selectman Jon Morris. (R. 1-7.)

The Board voted unanimously to deny the petitioners' appeal. (R. 1.) The Board concluded that the structure built on respondents DiGristinas' property complied with all zoning ordinances and was an "accessory structure" as stated on the building permit, not an "accessory dwelling" as stated on the certificate of occupancy. (R. 1.) The Board concluded the "building permit was issued for an accessory structure and met all the requirements for an accessory structure." (R. 1.) The Board directed the CEO to amend the certificate of occupancy to state that the structure was an "accessory structure" and not an "accessory dwelling." (R. 1.)

Procedural History

Petitioners filed a complaint for appeal of government action pursuant to Rule 80B on September 14, 2018. M.R. Civ. P. 80B. In the complaint, petitioners allege three claims for relief: (1): the structure is not "accessory structure" as used because it is independent and used as a rental in violation of respondent Town's Zoning Ordinance, (Compl. ¶¶ 12, 19-21); (2): the certificate of occupancy should not have been issued because the structure created was an "accessory dwelling"

2

not an "accessory structure" as stated in the building permit, (Compl. ¶ 22); and (3): the certificate of occupancy should not have been issued because the structure is an "accessory dwelling" and exceeds the 625 square foot limit stated in the respondent Town's Zoning Ordinance. (Compl. ¶ 23.)

Petitioners filed their brief in support of their Rule 80B on October 24, 2018. Respondent Town filed its brief on November 21, 2018. Respondents DiGristinas, filed their brief on November 26, 2018. Petitioners filed a reply brief on December 5, 2018.

Discussion

I.     Standard of Review

The court reviews Board decisions for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. Aydelott v. City of Portland, 2010 ME 25, ¶ 10, 990 A.2d 1024. The court may not substitute its judgment for that of the Board. Tarason v. Town of S. Berwick, 2005 ME 30, ¶ 6, 868 A.2d 230. Petitioners bear the burden "of showing that the record evidence compels a contrary conclusion." Id.

II.    The Operative Decision

Petitioners contend that the CEO's issuance of the certificate of occupancy is the operative decision for review because the Board acted in an appellate capacity. (Pet'rs' Br. 2.) Respondents contend that the Board's decision amending the certificate of occupancy is the operative decision based on section 2691(3)(C). 30-A M.R.S. § 2691(3)(C) (2017); (Resp't Town's Br. 4); (Resp't DiGristinas' Br. 3.)

To determine which decision is the operative decision, the court "look[s] to state statute and to the municipality's ordinances." Mills v. Town of Eliot, 2008 ME 134, ¶ 14, 955 A.2d 258. The relevant statute authorizes local municipalities to establish boards of appeal and states that

3

"[u]nless otherwise established by charter or ordinance, the board shall conduct a de novo review of any matter before the board." 30-A M.R.S. § 2691(1) & (3)(C) (2017). Respondent Town's ordinance establishing the Board's ability to hear administrative appeals directs the Board "[t]o hear and decide where it is alleged there is an error in any order, requirement, decision, or determination made by the Building Inspector in the enforcement of this Ordinance. The action of the Building Inspector may be modified or reversed by the Board of Appeals, by majority vote." Pownal, Me., Zoning Ordinance, Article 3 § 11(B)(1); (R. 55.) Respondent Town's Zoning Ordinance granting appeal powers to the Board does not explicitly call for the Board to act in an appellate capacity. Cf. Town of Eliot, 2008 ME 134, ¶ 15, 955 A.2d 258 (finding local ordinance limited board of appeals to appellate review when it stated that the board could overturn a planning board or code enforcement officer's decision "only upon a finding that the decision is clearly contrary to specific provisions of this chapter"). The Board's decision is the operative decision reviewed by this court.

III. The Board's Determination that Respondents DiGristinas' Structure was an "Accessory Dwelling."

1. Determination

Petitioners assert that the Board's determination that respondents DiGrisinas' structure was an "accessory structure" was an error and that the structure was actually an "accessory dwelling." (Pet'rs' Br. 3.) At issue is whether the Board's interpretation of the respondent Town's Zoning Ordinance was correct and whether its determination was supported by "substantial evidence." (See Pet'rs' Br. 3, 5-7.)

The interpretation of a local ordinance is a question of law that is reviewed de novo. Town of Vassalboro v. Barnett, 2011 ME 21, ¶ 6, 13 A.3d 784. "The terms or expressions in an ordinance are to be construed reasonably with regard to both the objectives sought to be obtained and the

4

general structure of the ordinance as a whole." Fissmer v. Town of Cape Elizabeth, 2017 ME 195, ¶ 15, 170 A.3d 797 (quotation marks omitted). The court will accord "substantial deference to local characterizations or fact-findings as to what meets ordinance standards." Balano v Town of Kittery, 2017 ME 110, ¶ 2, 163 A.3d 144 (per curiam) (quotation marks omitted). The interpretation of respondent Town's ordinance is reviewed de novo, but the Board's characterization of respondents DiGristinas' structure is afforded substantial deference. See Jordan v. City of Ellsworth, 2003 ME 82, ¶ 9, 828 A.2d 768.

Respondent Town's ordinance defines an "accessory dwelling" as follows:

> A small dwelling, either attached or detached (unattached) which is part of an existing single family owner occupied home on the same lot and which is clearly secondary to the single family home. The dwelling shall have living, sleeping, sanitary, and kitchen facilities for the exclusive use of the unit occupants. The owner of the primary building may rent the accessory dwelling or the primary building owner may occupy the accessory dwelling and rent the primary dwelling. The dwelling will have only one bedroom and one bathroom. The dwelling can be no more than 625 square feet or 50% of the square footage of the primary dwelling, whichever is more restrictive. Only one accessory dwelling is permitted per lot. All current codes must be met and an Occupancy Permit must be obtained. Parking must be available onsite.

Pownal, Me., Land Use Ordinance, Article 2; (R. 33.) Respondent Town's ordinance defines an "accessory structure" as follows:

> A subordinate building or a portion of the main building, the use of which is incidental to that of the main or principal building. Examples include, but are not limited to garages, barns, workshops and guest houses. Accessory buildings and structures are subject to the setback and coverage requirements of the district in which they are located. A deck or similar extension of the principal structure or a garage attached to the principal structure by a roof or a common wall is considered part of the principal structure.

Pownal, Me., Land Use Ordinance, Article 2; (R. 30.) When interpreting an ordinance, the court first looks at "the plain meaning of its language," and "if a term is specifically defined in an

5

ordinance, [the court] will not redefine it." 21 Seabran, LLC v. Town of Naples, 2017 ME 3, ¶ 12, 153 A.3d 113 (quotation marks omitted). The language of the ordinance makes clear that an "accessory structure" is a building whose use is incidental to the primary building and includes, but is not limited to, guest houses and workshops. An "accessory dwelling" is secondary to the primary home, has living, sleeping, sanitary, and kitchen facilities, and may be rented by the owner. The plain meaning of both provisions allows for respondents DiGristinas' structure to be categorized as either an "accessory dwelling" or an "accessory structure."

Petitioners argue that the specific, "accessory dwelling," must control the general, "accessory structure." (Pet'rs' Reply Br. 3.) Petitioners argue that reading the ordinances together, if the structure is used by guests, it is a guest house and, therefore, an "accessory structure;" if the structure is used by tenants, it is an "accessory dwelling." (Pet'rs' Reply Br. 3.) The Board found that respondents DiGristinas' structure could qualify as either an "accessory dwelling" or "accessory structure." (R. 1.) The Board concluded that in this case, "'accessory structure' is a better fit as it is being used as a multi-use building (office, family guest house, Air BnB)." (R. 1.) The Board found that respondents DiGristinas' structure would be used by both guests and tenants and for other potential uses and decided that the applicable definition was "accessory structure." (R. 1.) The court affords the Board's characterization of respondents DiGristinas' structure substantial deference. Barnett, 2011 ME 21, ¶ 6, 13 A.3d 784.

Petitioners further argue that by categorizing a multiple use building by its least restrictive use over its most restrictive use would produce absurd results. (Pet'rs' Reply Br. 3-4.) Petitioners argue that this interpretation of the ordinance would allow, for example, a storage facility with a residential dwelling to be reviewed as a residence and not as a commercial building. (Pet'rs' Reply Br. 3-4.) The Board did not determine that the least restrictive use will control. The Board

6

determined that this structure fit the definition of both an "accessory structure" and an "accessory dwelling," and because of its multiple uses, the "accessory structure" label was more appropriate than "accessory dwelling." (R. 1.) Once again, the Board's characterization of the structure is afforded substantial deference. Barnett, 2011 ME 21, ¶ 6, 13 A.3d 784.

### 2. Record Support

When reviewing a Rule 80B appeal, "substantial evidence is evidence that a reasonable mind would accept as sufficient to support a conclusion." Toomey v. Town of Frye Island, 2008 ME 44, ¶ 12, 943 A.2d 563 (quotation marks omitted). If the record contains evidence that reasonably supports the Board's findings that the structure was used as a guest house and office, the court must uphold the Board's findings of fact, "even if the record contains inconsistent evidence or evidence contrary to the result reached by the [Board]." Beal v. Town of Stockton Springs, 2017 ME 6, ¶ 26, 153 A.3d 768 (quotation marks omitted). The court will not vacate the findings of the Board unless, petitioners are able to demonstrate that "no competent evidence supports the [Board's] conclusions." Adelman v. Town of Baldwin, 2000 ME 91, ¶ 12, 750 A.2d 577.

The court concludes that the Board's determinations that respondents DiGristinas' structure would be used as a guest house and workspace were supported by "substantial evidence." See Adelman, 2000 ME 91, ¶ 14, 750 A.2d 577. During the August 1, 2018, public hearing the Board heard evidence that respondent DiGristinas' structure was being used as a rental on Air BnB. (R. 3-4, 6, 12-21.) The Board also heard evidence that respondents DiGristinas' structure would be used as a multiple use structure. Specifically, that the structure would be used as a workspace one or two days per week, as a guest house ten weeks per year, and at other times, as an Air BnB rental. (R. 4.) These uses are also stated in the building permit approved by the CEO

7

and in an email sent by respondent Vianna DiGristina to the CEO on August 31, 2017. (R. 23, 24.)

Petitioners' evidence showing that respondents DiGristinas' structure is used as an Air BnB does not definitively prove that the structure is not also being used for other purposes. See Sproul v. Town of Boothbay Harbor, 2000 ME 30, ¶ 9, 746 A.2d 368. The Board's finding is afforded substantial deference and this court will not substitute its judgment for that of the Board. See Barnett, 2011 ME 21, ¶ 6, 13 A.3d 784; Tarason, 2005 ME 30, ¶ 6, 868 A.2d 230.

IV.   The Board's Determination that Respondents DiGristinas' Structure was not a Hotel

Petitioners argue that respondents DiGristinas' structure is actually used as a hotel/motel and as such does not comply with the Pownal Zoning Ordinance. (Pet'rs' Br. at 4-5.) Petitioner Michael Albert argued this point at the August 1, 2018 hearing. (R. 6.) Respondents argue that the structure does not fall within the definition of a hotel/motel. (Resp't Town's Br. 8-9.)

A similar analysis applies as in the previous section. The court first conducts a de novo review of the interpretation of the ordinance followed by an inquiry as to whether the Board's determination was supported by "substantial evidence." See Fissmer, 2017 ME 195, ¶¶ 15-19, 170 A.3d 797.

The Pownal Ordinance defines hotel:

> A facility offering transient lodging accommodations to the general public and providing additional services such as restaurants, meeting rooms and recreational facilities.

Pownal, Me., Land Use Ordinance, Article 2; (R. 36.) A motel is defined:

> A building or group of detached (unattached) or connected buildings designed or intended or used primarily for the providing of sleeping accommodations for automobile travelers and having a parking space adjacent to a sleeping room. An automobile court or tourist

8

court with more than one unit or a motor lodge shall be deemed to
be a motel.

Pownal, Me., Land Use Ordinance, Article 2; (R. 40.) From the definitions, it is clear that in order for a facility to qualify as a "hotel," it must provide additional services such as "restaurants, meeting rooms, and recreational facilities." In order to be a "motel," a structure must be primarily used to provide sleeping accommodations for travelers.

The Board had substantial evidence before it to determine that respondents DiGristinas' structure was not a hotel or a motel. The record contains testimony that the structure has multiple uses. (R. 12-23.) Based on that testimony, it was reasonable to conclude that its primary use was not to provide "sleeping accommodations for automobile travelers." There is no evidence in the record that respondents DiGristinas' structure provides any additional services such as "restaurants, meeting rooms, and recreational facilities."

The entry is

> The Decision of Respondent Town of Pownal's Planning Board is
> AFFIRMED.

Date:    March 12, 2019

Nancy Mills
Justice, Superior Court

Entered on the Docket: 3-18-19

9