STATE OF MAINE                           SUPERIOR COURT
CUMBERLAND, ss.                          CIVIL ACTION
                                         DOCKET NO. AP 20-37


Harry A. Keates, et al


v.                                       DECISION


Town of Freeport

Harry A Keates and Robin Silverman appeal a decision of the Town of Freeport's Coastal

Waters Commission ("CWC").

Petitioners own property abutting Kelsey Brook, a tidal stream. By ordinance, the CWC

has authority to approve or disapprove wharves or docks in any of the Town's tidal waters. The

Petitioners proposed a dock and float system extending out into the tidal zone. The dock would be

located at the upper limit of the tidal waters where the stream was somewhat small and narrow.

The property is in the vicinity of a nature preserve. There was testimony that although it was

buffered, there were locations in the nature preserve where the applicant's wharf would be visible.

Otherwise, the views from the preserve were "pristine."

The Petitioners obtained approval from obtained approval from the Army Corps of

Engineers and the state Department of Environmental Protection. Although the history is

convoluted, the CWC ultimately held a hearing on the application.

The Town ordinance requires that anyone building a dock or wharf on tidal waters obtain

approval from the CWC. R 266 The ordinance contains several standards that the CWC is to

apply when considering whether to approve a project. Of the eight standards, the CWC found

that the Petitioners did not meet one of the standards when rejecting the application.

1

The project shall be no larger in dimension than is consistent with the conditions, use and character of its surroundings; it will not adversely affect water use by adjacent properties; and will remain in general harmony with that of existing activities in adjacent areas within the Freeport Coastal Water Commission's jurisdiction. The property for which the project will be constructed shall have a minimum of 60 feet of water frontage. The length from the highest annual tide water mark shall not exceed 125' and must be completed within two years of final approval.

R 266.

The CWC denied the permit and cited two of the clauses in that standard. The Decision stated that the application was denied because:

1. "The dimension of the proposed Wharf was not consistent with the conditions use and character of its surroundings."
2. "The proposed wharf was not be (sic) in general harmony with that of existing activities in adjacent areas."

There was no other explanation or finding of fact. R. 249.

A. *Sufficient Findings of Fact.*

When the Board's findings of fact are insufficient, the court should remand for further findings of fact to allow for meaningful judicial review. The appellate court should not "imply findings or create an analytical construct that we would then attribute to a municipal decision-maker." *Fissmer v. Town of Cape Elizabeth*, 2017 ME 195, ¶ 17; *see also Appletree Cottage LLC v. Town of Cape Elizabeth*, 2017 ME 177, ¶ 9; *Christian Fellowship & Renewal Ctr v. Town of Limington.*, 2001 ME 16, ¶¶ 12-18. A failure to make proper finding of facts, however, does not result in an automatic remand. *Christian Fellowship*, ¶ 19. A remand is not necessary when the findings may be easily inferred from the record. *Id.* When there is sufficient evidence in the record, the municipal agency's decision may be supported by implicit factfinding. *Old Town v. Expera Old Town, LLC*, 2021 ME 23, ¶ 22; *Town of Minot v. Starbird*, 2012 ME 25, ¶11, n.4; *Wells v. Portland Yacht Club*, 2001 ME 20, ¶¶ 10-11, all citing *Forester v. City of*

2

*Westbrook,* 604 A.2d 31, 33 (Me. 1992).[1] When the agency's findings of fact are insufficient to apprise us of the basis of the agency's decision and whether it is supported by substantial evidence, the court should remand to the agency for further findings of fact. *Christian Fellowship,* 2001 ME 16, ¶¶ 10, 14.

Here, the court finds that the paucity of any findings of fact requires that the court remand to CWC for findings of fact sufficient to allow "meaningful judicial review." While the court has reviewed the reasoning outlined in the Town's Brief, it is the CWC that needs to explain why the dimensions of the wharf violate the ordinance, which are the type of findings that can rarely be easily inferred.

### 3. Constitutionality

The Petitioner argues that the ordinance requirement that the proposed wharf be "in general harmony" provision is impermissibly vague and therefore constitutes an unconstitutional delegation of legislative authority to the CWC.[2] To do this analysis, the court compares the language of the Town's ordinance with the language that the Law Court has found unconstitutional on the same grounds in other cases.

In *Kosalka,* the Court struck down an ordinance where the Town required the project to "conserve natural beauty." *Kosalka v. Town of Georgetown,* 2000 ME 106, ¶17. In *Cope,* the Law Court held a requirement that an ordinance's requirement that a project "will not adversely affect the health, safety, or general welfare of the public" and "will not tend to devaluate or alter

---

[1] The court declines the take up the Petitioner's invitation to suggest *Christian Fellowship* overruled *Forester.* The Law Court's continued reference to both lines of cases suggests that while the Law Court has stated a strong preference for a robust finding of fact by the municipality, a court may still rely on an assumption that the Board implicitly found facts that are supported in the record. *See, Wells,* ¶¶ 10, 11 (citing both *Christian Fellowship* and *Forester*).

[2] The Petitioners do not address, and nor does the court, whether the "dimensions" clause in unconstitutional.

the essential characteristics of the surrounding property." *Cope v. Inhabitants of Brunswick*, 464 A.2d 223, 227 (Me. 1983).

In *Wakelin v. Town of Yarmouth*, 523 A.2d 575, 576 (Me.1987), the court struck down a zoning ordinance that gave zoning board of appeals the discretion to deny special exception applications because the proposed use was not "compatible with existing uses in the neighborhood, with respect to physical size, visual impact, intensity of use, proximity to other structures and density of development." *Id.*

While "intensity of use," like "dimension" can be measured, the Law Court rejected the ordinance because it failed "to articulate the quantitative standards necessary to transform the unmeasured qualities 'intensity of use' and 'density of development' into specific criteria objectively useable by both the Board and the applicant." 523 A.2d at 577. "Without such specific objective criteria, the ZBA was 'free to express a legislative-type opinion about what is appropriate for the community." *Kosalka,* ¶ 14, quoting *Wakelin,* 523 A.2d at 577.

Comparing the Town's ordinance to the language found in *Kosalka, Cope, and Wakelin,* the "general harmony" clause does not provide either the applicant or the agency with sufficient guidance as to what is acceptable. The court agrees that the "general harmony" clause is impermissibly vague and is unconstitutional.

The Town cites the Law Court's approval of language allowing the Board of Environmental to consider the impact of a project on nearby scenic and aesthetic uses in *Uliano v. Board of Environmental Protection,* 2009 ME 89, ¶29. In *Uliano,* however, the Law Court specifically distinguished *Kosalka* and *Wakelin* on the grounds that *Uliano* interpreted a state statute as opposed to municipal ordinances. *Id.* ¶¶ 26-28. Therefore, *Uliano* provides the Town with no assistance.

4

The Town argues that the court should not reach the constitutionality issue because it could find that the CWC found facts necessary to support its decision in reliance on the "dimensions" clause without relying on the "general harmony" clause. The CWC's decision cited both provisions. The court cannot, however, without any findings of fact or conclusions of law, determine whether the CWC's decision was, or can be, based on the "dimensions" clause alone.

On remand, the CWC would need to make findings of fact to determine whether the CWC's findings show that the project violated the "dimensions" clause.

It is ordered: The decision of the CWC is REMANDED for further findings as described herein.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: _7/5/21_

_____
Thomas R. McKeon
Justice, Maine Superior Court

5