STATE OF MAINE                                   BUSINESS & CONSUMER COURT
CUMBERLAND, ss.                                  DOCKET NO. BCD-APP-2021-10


ELIZABETH     MILLS,    TRUSTEE,    )
COLLIER FAMILY TRUST,               )
                                    )
            Appellant,              )
                                    )          **ORDER ON RULE 80B APPEAL**
      v.                            )
                                    )
TOWN OF BAR HARBOR and BHAPTS,      )
LLC,                                )
                                    )
            Respondents.            )


The matter presently before the Court is an appeal for Review of Governmental Action

brought under M.R. Civ. P. 80B by Appellant Elizabeth Mills as Trustee of the Collier Family

Trust ("Mills").[1] Mills seeks review of the August 6, 2021 Decision of the Planning Board of

Respondent Town of Bar Harbor (the "Town") finding Respondent BHAPTS, LLC's

("BHAPTS") proposed Planned Urban Development—Village ("PUD-V") will have no undue

adverse effect on historic sites in the area. For the reasons discussed below, the Court AFFIRMS

the Planning Board's Decision.

<u>BACKGROUND AND PROCEDURAL HISTORY</u>

BHAPTS owns and operates a 1.54-acre property located at 25 West Street Extension, Bar

Harbor, Maine. In 1986, the property was developed by a previous owner as sixteen multifamily

units comprised of four buildings with four units each. The units are used for workforce housing

for seasonal employees in the area. Mills is Trustee of the Collier Family Trust (the "Trust"), which

owns the abutting property to the northeast at 15 Highbrook Road, Bar Harbor, Maine. The Trust

---

[1] This is Mills' third appeal of the project. *See Mills v. Town of Bar Harbor*, BCD-APP-2021-05, at *20 (Bus. & Consumer Ct. June 7, 2021, *Duddy, J.*).

1

property includes a historic farm, garden, and orchard. Mills resides at the Trust property for part of the year.

BHAPTS's property is in the Town's Village Residential zoning district. On or about December 21, 2017, BHAPTS submitted a permit application to the Town for a PUD-V project (the "Project") on its property. The application was denominated PUD-2017-02 Planned Unit Development-Village.

The application went through extensive Town review and public hearings. The initial site plan was revised per this review. BHAPTS also met with Mills on December 6, 2018 and based on her concerns amended its site plan to remove a building near the Trust property and instead make two new buildings on West Street three stories each to maintain the same number of dwelling units. By decision dated January 16, 2019 and signed February 6, 2019 (the "February 6, 2019 Decision"), the Town's Planning Board approved the permit application.

Mills appealed the Planning Board's decision to the Town's Board of Appeals and then to the Superior Court, which remanded the determination back to the Planning Board. In response to the issues raised on remand, BHAPTS further revised its site plan to reduce vehicle access, cluster buildings, increase open spaces and buffers, incorporate principles of the Great American Neighborhood, and make it easier for pedestrians to move about the property, as well as providing for a pedestrian staircase between the Project and Woodbury Road. Woodbury Road is an unpaved street often used by pedestrians and cyclists. After more review, the Planning Board, by decision dated April 29, 2020 and signed May 8, 2020 (the "May 8, 2020 Decision") approved BHAPTS's revised permit application.

The current proposal, as approved by the Planning Board, would see BHAPTS reconfigure the four existing buildings from four to two dwelling units each and construct three new buildings

with eight units between them, for a total of sixteen dwelling units (the same number as currently exist, but across seven buildings instead of four). Three of the sixteen dwelling units will be designated as affordable housing units.

Mills appealed this decision to the Board of Appeals, which affirmed it, and then again to the Superior Court, raising eight errors of law and three of evidence in her argument that the Planning Board erred in approving the Project. The appeal was transferred to the Business & Consumer Docket and this Court upheld both the February 6, 2019 and May 8, 2020 Decisions on all save one of Mills' claims. *Mills v. Town of Bar Harbor*, BCD-APP-2021-05, at *20 (Bus. & Consumer Ct. June 7, 2021, *Duddy, J.*). This Court found that the Planning Board erred as a matter of law by failing to consider whether the Project would impose an undue adverse effect on any historic sites in the area, including the Trust property.

The Planning Board took up this single issue on remand and in a supplemental decision dated August 4, 2021 and signed August 6, 2021 (the "August 6, 2021 Decision") unanimously found that the Project "will not have an undue adverse effect on historic sites in the area, including specifically on the adjacent Trust property." (Pet.'s Brief Ex. A.) The Board of Appeals upheld this decision.

Now, Mills returns to the Business & Consumer Court, bringing a Rule 80B appeal of the Planning Board's August 6, 2021 Decision.

<u>FACTS RELEVANT TO CURRENT APPEAL</u>

The Planning Board, guided by this Court's instructions on remand, determined there was sufficient evidence on record on the issue of undue adverse effect on historic sites and elected not to take new evidence into the record at the August 4, 2021 hearing. BHAPTS presented eleven exhibits from the record to the Planning Board. (Resp't Rec. on App. Attachs. A-L.)

3

Attachment A, Exhibit 9M from the original record, is an aerial photo showing the 240-foot distance between the BHAPTS property line and the gardens and house on the Trust property. Attachment B, Exhibit 9V from the original record, is a letter from the State Historic Preservation Office finding no other concerning issues about the Project and stating the Project will not impact any archaeological resources and that no other properties in the affected area are eligible for listing in the National Register of Historic Places. Attachments C and D, Exhibits 9.1 and 9.1.2 from the original record, respectively, show that BHAPTS removed one of the planned buildings on the shared property line and reconfigured the site plan. Attachment E, a photo-simulation, shows existing views from the Trust property and views after the Project is complete. Attachment F, Exhibit 11.0.b in the original record, is a landscaping plan showing that buffering and screening requirements will be met, including the placement of a six-foot-tall wooden fence and two rows of evergreen trees planted along the property line. Attachment G is the February 6, 2019 Decision upholding Planning Board approval and confirming the exhibit in Attachment F does meet buffering and screening requirements.

Attachment H, Exhibit 9.U.1 in the original record, is a detailed natural resource inventory of the site prepared by a botanist, which states the area for proposed development is primarily vegetated by invasive plant species. Attachment I is an excerpt from a December 5, 2018 Planning Board meeting in which BHAPTS testified the Project will remove most of these invasive species, thereby protecting the garden on the Trust property.

Attachment J, Exhibit 14B in the original record, is a photograph of existing conditions along the property line, showing water runoff patterns. Attachment K, Exhibit 17.0.2 in the original record, shows the proposed stormwater management and erosion control plan. Attachment L,

4

another excerpt from the December 5, 2018 meeting, is BHAPTS testimony its project would improve water runoff conditions along the Trust property.

The supplemental August 6, 2021 Decision made on the basis of the above evidence reads as follows:

> Based on the documents received on July 28, 2021, that include, but not limited to, the 240-foot distance between the proposed buildings and the garden, and the evidence that shows a two-foot berm and six-foot fence on top, and the photographs showing the view from the Mills property looking back at the property with leaves off from evidence from Mr. Moore, and Attachment A Exhibit 9M, and the evidence in the record, and accepting the work of the professionals who prepared the documents and evidence, at a meeting on August 4, 2021, the Board finds that in satisfaction of the requirements of Section 125-67 X of the Bar Harbor Land Use Ordinance, the proposed development—to convert four existing buildings on the site from 16 dwelling units to eight dwelling units, and to add three new buildings with eight total dwelling units in those, for a total of seven buildings and 16 dwelling units—will not have an undue adverse effect on historic sites in the area, including specifically on the adjacent Trust [Mills] property.

(Pet.'s Ex. A.)

## STANDARD OF REVIEW

The operative decision on appeal is the Planning Board's August 6, 2021 Decision. *See Stewart v. Town of Sedgwick*, 2000 ME 157, ¶ 4, 757 A.2d 773 (where the Board of Appeals acts only in an appellate capacity, the Court reviews the decision of the Planning Board directly). The Court reviews Planning Board decisions for errors of law, abuses of discretion, or findings not

supported by substantial record evidence. *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128. The party seeking to overturn the Board's decision—here, Mills—bears the burden of persuasion. *Friends of Lamoine v. Town of Lamoine*, 2020 ME 70, ¶ 20, 234 A.3d 214. Mills argues the Planning Board's finding is unsupported by substantial evidence.

Substantial evidence exists where there is any competent evidence in the record upon which a reasonable mind may rely to support the conclusion. *Id.* ¶ 10. The fact that inconsistent conclusions could be drawn from evidence does not inherently mean a finding is unsupported by substantial evidence, *Friends of Lamoine*, 2020 ME 70, ¶ 21, 234 A.3d 214, nor do inconsistencies within the record before the board, *Duffy v. Town of Berwick*, 2013 ME 105, ¶ 22, 82 A.3d 148.

Mills also alleges that the Planning Board's actions violate the Maine Freedom of Access Act ("FOAA"), which requires all public proceedings, including those of local planning boards, to "be conducted openly." 1 M.R.S. § 401.

## DISCUSSION

In its supplemental August 6, 2021 Decision, the Planning Board found that "in satisfaction of the requirements of Section 125-67 X of the Bar Harbor Land Use Ordinance, the proposed development . . . will not have an undue adverse effect on historic sites in the area, including specifically on the adjacent Trust [Mills] property." (Pet.'s Brief Ex. A.) In the prior appeal, Mills had successfully challenged Section 2(II) of the Findings and Conclusions of the February 6, 2019 decision[2] on this same issue for an error of law. This Court agreed that the Board's previous decision was in error because the Planning Board did not make the requisite findings as to adverse effects on historic sites in the area and instead merely stated that there are no historic sites on the property upon which the Project would be built. *Mills v. Town of Bar Harbor*, BCD-APP-2021-

---

[2] "The Board finds that there are no historic and archaeological resources on the property as shown on exhibit 9V."

6

05, at *20 (Bus. & Consumer Ct. June 7, 2021, *Duddy, J.*). Here, conversely, Mills challenges the Planning Board's decision on the remanded issue for lack of evidence, not error of law.

The burden on the Planning Board to review permit applications under Section 125-67(X) is low, requiring a finding only of no *undue* adverse effect, i.e., adverse effects exceeding social norms, and the Court gives deference to such boards on the issue of substantial evidence. This Court need not engage in an independent inquiry or read between the lines of the Planning Board's clear findings in this case. The Planning Board recognizes the Trust property is historic. But despite Mills' protests regarding interference with the Trust property "viewshed" and her apprehension about the potential noise, light, trespassing, and litter which she fears will result from sixteen existing dwelling units being replaced by an equal number of dwelling units in a new configuration, the Planning Board's finding that the Project will cause no undue adverse effect if approved is amply supported by substantial record evidence.

At an August 4, 2021 hearing on the issue, the Planning Board considered the evidence on record regarding the Project's effects on the Trust property, which is the only "historic site" in the area. BHAPTS presented a photo-simulation of the view from the Trust property, including existing views and renderings of the predicted views after the Project has been built. It provided a landscaping plan for the Project and photos of the existing conditions on the line dividing the Trust and BHAPTS properties. The Planning Board had already determined in its previous Decision of February 9, 2021, that, specifically, noise and light from the Project will not breach relevant standards; Mills' littering and trespass concerns are anecdotal and unsubstantiated; and the Project satisfies screening and buffering requirements in relation to the Trust property's views. Mills did not point to any evidence affirmatively demonstrating an undue adverse effect but rather limited her arguments to claiming the Planning Board should have interpreted the presented evidence

7

differently. Based on the record evidence, the Planning Board decisively found the Project will not impose an undue adverse effect on the Trust property.

Mills' arguments on the issue of the FOAA are especially lacking. She voices her concern that the supplemental August 6, 2021 Decision was drafted by Planning Board staff prior to the August 4, 2021 hearing, after which it was finalized and signed. This suggestion of impropriety ignores the pragmatic, common practice, engaged in by governmental bodies and the parties appearing before them, of drafting proposed decisions based on prior analysis and research, and editing or changing as needed after a public hearing. Moreover, the signed decision differs from the draft in that it is longer and includes details about the specific evidentiary findings made in its support based on concerns raised at the public hearing. Lastly, it is unclear to this Court how any of Mills' rights were infringed upon by the Planning Board consulting its Town Attorney prior to allowing comment from Mills' representative or other members of the public in the given procedural posture.

CONCLUSION

Based on the foregoing, the entry will be: the Planning Board's August 6, 2021 Decision is AFFIRMED.

SO ORDERED.

The Clerk is requested to enter this Order on the Docket, incorporating it by reference pursuant to M.R. Civ. P. 79(a).

Date: **01/14/2022**

_____
Michael A. Duddy, Judge
Business & Consumer Court

.

Entered on the docket: 01/18/2022

8

ELIZABETH MILLS,                          )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )   ORDER DENYING PLAINTIFF'S MOTION
                                          )   TO CLARIFY THAT A STAY CONTINUES
TOWN OF BAR HARBOR and                    )
BHAPTS, LLC,                              )
                                          )
          Defendants.                     )

Pending before the Court is Plaintiff Elizabeth Mills' ("Mills") Motion to Clarify That a Stay Continues. Mills contends that a stay entered by the Superior Court two cases ago, and over two years ago, remains in effect during this case. Defendant BHAPTS, LLC ("BHAPTS") asserts that the stay has long since terminated. The Court heard oral argument on the Motion on December 16, 2021. As discussed below, the Court determines that the stay terminated before this third case was initiated and is no longer in effect.

## **BACKGROUND**

For well over two years, Mills has been working to defeat BHAPTS' proposal to construct and renovate worker housing on a 1.54 acre property located at 25 West Street Extension, Bar Harbor, Maine. Mills is Trustee of the Collier Family Trust (the "Trust"). The Trust owns property located at 15 Highbrook Rd., Bar Harbor, Maine. Mills resides during a part of the year at the Trust property. The Trust property abuts the northeast property line of BHAPTS's property.

The first of Mills three lawsuits was resolved by an Order of the Superior Court dated November 27, 2019. Order on Plaintiff's 80B Complaint and Motion to Stay, *Mills v. Town of Bar*

1

*Harbor, et. al.,* BANSC-AP-19-18 (November 27, 2019) (Murray, J.) (hereinafter the "2019 Order"). In the 2019 Order, the Superior Court vacated the decision of the Bar Harbor Board of Appeals, and remanded the matter to the Board "for action consistent with the Court's instruction on what materials a party must submit to the Board of Appeals to pursue an appeal of a decision of the Bar Harbor Planning Board . . ." *Id.* at p.13. The Superior Court also granted a stay of construction activities pending that appeal, concluding that there was a substantial possibility Mills would "succeed on the merits before the Board of Appeals . . ." *Id.*

The second of Mills three Rule 80B Complaints was transferred to the Business and Consumer Court. Mills did not move for a stay in that proceeding, or seek clarification that the stay was still in effect. The Court affirmed the decision of the Planning Board in all respects save the issue of whether construction of the project will have undue adverse effects on adjacent historic sites in the area. The Court thus remanded the matter to the Planning Board to make a finding on that one issue. Order of Rule 80B Appeal*, Mills v. Town of Bar Harbor, et. al.,* BCD-APP-2021-00005 (June 7, 2021) (Duddy, J.) (the "2021 Order"). The instant proceeding, which is the third of Mills' three lawsuits, was also transferred to the Business and Consumer Court where it is currently pending. Mills has not moved for a stay in this proceeding, but seeks clarification that the stay granted by the Superior Court in the 2019 Order is still in effect.

## **DISCUSSION**

The filing of a Rule 80B complaint "does not stay any action of which review is sought, but the court may order a stay upon such terms as it deems proper." M.R. Civ. P. 80B(b). If a court remands a Rule 80B case to a governmental agency for further action, the court's decision is not a final judgment. M.R. Civ. P. 80B(m). All the issues raised in the review are preserved in any subsequent appeal taken. *Id.* However, the court does not retain jurisdiction of the case in between

2

appeals. *Id.* The question presented by this case is what becomes of a stay issued in connection with the first of multiple, distinct Rule 80B reviews, each with its own pleadings and docket number.

The answer to the question starts with an examination of the terms upon which the stay was originally granted. Here, the stay granted in the 2019 Order was limited by its own terms to the period of time beginning with the remand, and continuing in effect through the administrative appeal back to the Board of Appeals. The 2019 Order does not purport to extend the stay beyond that timeframe, or through multiple, separate Rule 80B actions. *See e.g. Johansen v. City of Bath*, SAGSC-AP-10-002 (January 4, 2011)(issuing a stay "during the remand and thereafter until further order of the court").[1] Mills could have moved for a stay during the second lawsuit and subsequent remand, but didn't. Mills could also move for a stay during the current proceeding and beyond, and nothing in this current Order should be construed to prevent Mills from moving for a stay.[2]

### CONCLUSION

For all of these reasons, the Court concludes that the stay tracing back to the 2019 Order does not continue into this proceeding. Plaintiff's Motion to Clarify That a Stay Continues is Denied.

SO ORDERED.

---

[1] Since a court does not retain jurisdiction in between Rule 80B appeals, it is unclear whether a court actually has authority to issue a stay effective across multiple, separate Rule 80B actions. However, the Court does not need to reach the issue, since the language of the stay at issue here is limited to the remand period following the first Rule 80B action.

[2] The Court has closely reviewed Mill's Motion, and while she seeks clarification that the stay originating in the 2019 Order is still in effect, she does not move in the alternative for a stay based upon the current facts and status of the case.

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

Dated: **12/23/2021**

Michael A. Duddy
Judge, Business & Consumer Docket

Entered on the docket:  12/23/2021

4