STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        DOCKET NO. AP-22-31

TALCOTT FRANKLIN                )
                                )
          Petitioner,           )
                                )
    v.                          )
                                )
TOWN OF ROME BOARD OF           )       ORDER ON 80B APPEAL
APPEALS,                        )
                                )
          Respondent,           )
                                )
and WALDO A. BECK TRUST,        )
                                )
          Party-in-interest.    )

Before the Court is Petitioner Talcott Franklin's appeal pursuant to Maine Rule of

Procedure 80B.

## FACTUAL BACKGROUND

This litigation concerns the Town of Rome Planning Board's ("Planning Board") approval

of an after-the-fact permit for timber harvesting on Petitioner's property. The Planning Board

granted Petitioner's permit on May 9, 2022. On July 1, 2022, the Town Board of Appeals ("BOA")

reversed the decision of the Planning Board. Petitioner filed his 80B appeal on August 8, 2022.

## 80B STANDARD OF REVIEW

In Rule 80B appeals, the court's review of municipal decisions is deferential and limited.

The court reviews the municipal decision below for errors of law, abuse of discretion, or findings

not supported by the evidence. *Aydelott v. City of Portland*, 2010 ME 25, ¶ 10, 990 A.2d 1024.

The party seeking to vacate the decision has the burden of persuasion. *Friends of Lamoine v. Town*

*of Lamoine*, 2020 ME 70, ¶ 20, 234 A.3d 214.

REC'D CUMB CLERKS OFC
MAR 29 '23 PM 1:18

1

## DISCUSSION

**Operative Decision**

When reviewing a challenge to a municipal decision pursuant to 80B, the court reviews the operative decision of the municipality directly. *MSR Recycling, LLC v. Weeks & Hutchins, LLC*, 2019 ME 125, ¶ 8, 214 A.3d 1. "[W]hether the operative decision of the municipality is the Planning Board decision or the decision of the [BOA] depends on the type of review that the [BOA] is authorized to undertake and what kind of review [the BOA] actually perform[ed]." *Id.* (quoting *Genshiemer v. Town of Phippsburg*, 2005 ME 22, ¶ 16, 868 A.2d 161). If the BOA's role is confined to appellate review, the Planning Board's decision is the operative decision of the municipality. *Id.*

Here, the operative decision is that of the Planning Board. Section 16(I)(1)(a) of the Town's Shoreland Zoning Ordinance limits the BOA's review of Planning Board decisions to an appellate basis. Petitioner argues that because the BOA received and considered new evidence—evidence not presented to the Planning Board—the Court should consider the BOA decision to be the operative decision in this case. Petitioner is correct that the BOA receiving and considering new evidence clearly violates sections 16(I)(1)(a) and 16(I)(3) of the Ordinance. However, the Court still considers the Planning Board decision to be operative.

**Record**

Petitioner and Respondent have both filed an 80B record in this case. Although the parties disagreed as to which decision below was operative, both filed a record appropriate only for review of the BOA's decision. Neither record contains findings of fact or conclusions of law by the Planning Board. The Court is thus unable to undertake meaningful judicial review of the Planning Board's decision. *Lamarre v. Town of China*, 2021 ME 45, ¶ 6, 259 A.3d 764 ("It is black letter

2

law that meaningful judicial review of a decision requires that the decision contain findings of fact sufficient to apprise the reviewing court of the decision's basis and that those findings be based on substantial evidence in the record."). This matter must therefore be remanded to the Planning Board. *See Mills v. Town of Eliot*, 2008 ME 134, ¶ 20, 955 A.2d 258.

**Entry is:**

This case is REMANDED to Respondent Town of Rome BOA with instructions to remand the matter to the Planning Board for findings of fact and conclusions of law. The clerk is directed to incorporate this order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 3/29/23

John O'Neil Jr.
Justice, Maine Superior Court

Entered on the Docket: 3/29/2023

3