STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-23-08

JENNIFER L. BRIDGE,            )
                              )
            Plaintiff,         )
                              )
      v.                       )
                              )
CITY OF WESTBROOK,             )          ORDER ON 80B APPEAL
                              )
            Defendant,         )
                              )
and ACRE PROPERTIES,           )
                              )
            Party-in-interest. )

Before the Court is Plaintiff Jennifer L. Bridge's appeal pursuant to Maine Rule of

Procedure 80B.

**FACTUAL BACKGROUND**

This litigation concerns the City of Westbrook Planning Board's (the "Board") approval of

a subdivision plan. On July 1, 2022, ACRE Properties, LLC ("ACRE") submitted an application

to the City for site plan and subdivision approval for a nine-unit apartment building on Conant

Street. (R. T.1, p.1.)[1] The proposed building is a three-story structure with a footprint of 4,296

square feet and a height of 44 feet. (R. T.1, p.1-2.) The lot is located in the City Center zoning

district ("CCD") and is also subject to the Village Review Overlay zoning district ("VROZ"). (R.

T.1, p.2.) Plaintiff owns an abutting property. (Compl. at 5.)

---

[1] The record submitted by Petitioner is not consecutively paginated. It is organized by tabs, some of which contain numbered pages. When citing to the record, the Court will, wherever possible, indicate both the tab ("T.") and the page number ("p.") within that tab where the supporting information is located.

1

REC'D CUMB CLERKS OFC
JUL 14 '23 AM 11:51

After receiving ACRE's application, the Board held a neighborhood meeting (R. T.2), a Board workshop (R. T.4), a site walk (R. T.6), and a meeting with the City's VROZ committee. (R. T.7.) As a result of feedback it received from the Board and the community, ACRE made changes to the design of the building and its placement within the lot. (R. T.7.) ACRE submitted a revised site plan on January 4, 2023. (R. T.8, p.1.) The Board held a public hearing on ACRE's revised site plan on January 17, 2023, and it voted unanimously to approve the revised site plan and subdivision application. (R. T.13, pp.38-44.) The Board provided written notice of its decision to ACRE on January 18, 2023. (R. T.14, p.1.) Plaintiff filed this Rule 80B appeal with the Superior Court on February 14, 2023.

## 80B STANDARD OF REVIEW

In Rule 80B appeals, the court's review of municipal decisions is deferential and limited. The court reviews the municipal decision below for errors of law, abuse of discretion, or findings not supported by the evidence. *Aydelott v. City of Portland*, 2010 ME 25, ¶ 10, 990 A.2d 1024. The party seeking to vacate the decision has the burden of persuasion. *Friends of Lamoine v. Town of Lamoine*, 2020 ME 70, ¶ 20, 234 A.3d 214.

## DISCUSSION

Plaintiff first argues that the Board erred in its interpretation of the VROZ criteria relating to building scale and height. Specifically, Plaintiff contends that at 3.5 stories and approximately 44 feet tall, the proposed building is not compatible with the adjacent 2.5 story properties, which are 31 to 32 feet tall. "Although interpretation of an ordinance is a question of law, [the court] accord[s] substantial deference to the Planning Board's characterizations and fact-findings as to what meets ordinance standards." *Wolfram v. Town of North Haven*, 2017 ME 114, ¶ 15, 163 A.3d 835 (quoting *Bizier v. Town of Turner*, 2011 ME 116, ¶ 8, 32 A.3d 1048).

2

Here, as noted above, the location of the proposed building falls within the CCD, which has no minimum lot size or setback requirements and no maximum building heights.[2] (R. T.25, p.2, § 335-5.1(C).) The VROZ, which applies to multiple zoning districts, provides that "the scale of a building must be compatible with adjacent properties and buildings in its neighborhood," and that "[w]hile maintaining a particular height is not required, changes in height must be compatible with the streetscape, adjacent buildings and the neighborhood." (R. T. 26, p.3, § 335-7.1(E).)

The Board determined that the proposed building satisfied the VROZ visual factors, finding as follows:

> The proposed structure is located within an established neighborhood that is comprised with a mix of newer and older structures with a predominantly New England style architecture. The structure is a rectangular building with the narrow side oriented as the "front" of building, consistent with a direct abutter and other structures along Conant St. A covered front porch is incorporated into the front façade and building materials/colors were chosen to be consistent with the neighborhood/New England architecture. Window size and placement is varied to create a residential character. To lessen the appearance of scale the building structure is positioned at a location that provides a minimum 75' separation from the closest abutting residential structure and provides multiple gable peaks to soften the height of the structure.

The record supports the Board's findings as to the visual appearance of the proposed building. The architectural style and aesthetic appearance of the proposed building blends with the adjacent structures. (R. T.8, Attachments 1, 3.)

As for the size of the proposed building, the CCD and VROZ ordinances are clear that new buildings need not be identical in scale and height to adjacent buildings in order to be compatible. Here, the proposed building is not a skyscraper; it is a small apartment building only one story higher than the adjacent structures. Although it is larger in scale than the adjacent structures, the

---

[2] The CCD zoning ordinance provides: "The purpose of the City Center Zoning District is to create a flexible atmosphere for the return of the Downtown to a prominent regional service center." (R. T.25, p.1, § 335-5.1.) Uses permitted in the CCD as a matter of right include, amongst others: multi-family dwellings, business offices, banks, restaurants, museums, hotels, and medical and educational facilities. (Id. at pp.1-2, 5.1(A).)

3

setback visually reduces the significance of the deviation, and the Court accords substantial deference to the Board's conclusion that the scale and height of the proposed building meet the VROZ compatibility standard. *Wolfram*, 2017 ME 114, ¶ 15, 163 A.3d 835.

Plaintiff further argues that the Board erred by considering the scale and height of buildings on other streets within the CCD in its compatibility analysis. Plaintiff contends that those buildings are not in the "neighborhood," and states: "The fact that taller buildings exist elsewhere in the City Center zone is not relevant when approving the specific building project." (Compl. at 23.) The Court is not persuaded that "neighborhood" should be so narrowly construed under the applicable ordinances as to relate to Conant Street alone. However, even were it so, there would still be support in the record for the Board's finding of compatibility. (R. T.8, Attachment 3.)

Finally, to the extent that Plaintiff also argues that the Board erred in identifying Conant Street as being part of the Downtown District, no such language appears in the Board's findings. Plaintiff appears to be referencing a single ambiguous comment made by one Board member in the January 17, 2023 hearing. (R. T.29, p.37.) This does not constitute a finding of the Board, nor does it appear to have had any effect on the Board's findings, which clearly indicate that the proposed building will be located within the CCD.

In sum, the Court discerns no errors or abuse of discretion by the Board, and the Board's findings are supported by the record. Accordingly, Plaintiff's appeal is denied.

**Entry is:**

Plaintiff Bridge's appeal pursuant to Rule 80B is Denied. The clerk is directed to incorporate this order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 7/14/23

_____
John O'Neil Jr.
Justice, Maine Superior Court

Entered on the Docket: 7/19/2023          4