MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2023 ME 57
Docket:        Cum-22-271
Argued:        May 9, 2023
Decided:       August 22, 2023

Panel:         STANFILL, C.J., and JABAR, HORTON, and LAWRENCE, JJ., and HJELM, A.R.J.

PETER L. MURRAY et al.

v.

CITY OF PORTLAND et al.

STANFILL, C.J.

[¶1]  Peter L. Murray, Deborah D. Murray, Carol Connor, Michael Hoover, and Jean McManamy (collectively, the neighbors) appeal from a judgment of the Superior Court (Cumberland County, *O'Neil, J.*) denying their Rule 80B petition for review of government action, *see* M.R. Civ. P. 80B, and thus affirming the Portland Planning Board's decision that approved 37 Montreal LLC's application to construct a multi-unit residential building.  The neighbors contend the Planning Board erred in approving the application because the proposed development fails to meet the height, setback, and design-review requirements of the City's Code of Ordinances (Code).  Because we conclude that the Planning Board's findings are insufficient to enable meaningful

2

appellate review, we vacate the Superior Court's judgment and remand with instructions to remand the matter to the Planning Board for findings of fact.

## I. BACKGROUND

[¶2] "We draw the following facts from the administrative record before the Planning Board, the municipal body that issued the operative decision." *Friends of Lamoine v. Town of Lamoine*, 2020 ME 70, ¶ 2, 234 A.3d 214; *see* M.R. Civ. P. 80B(f).

[¶3] In August 2019, 37 Montreal LLC filed an initial site plan, subdivision, and inclusionary-zoning application with the Planning Board. In its application, 37 Montreal LLC proposed to replace what had been three single-family houses with a four-story, multi-unit residential building at 19 Willis Street.[1] The property is located in the R-6 residential zone and the Munjoy Hill Neighborhood Conservation Overlay District as established in the Code. *See* Portland, Me., Code § 14-140.5(a) (May 4, 2015). The Planning Board accepted comments and provided its feedback on the proposal a month later, during a workshop.[2]

---

[1] 37 Montreal LLC combined two pre-existing lots into a single parcel.

[2] Although the Planning Board indicated that the City had adopted a new version of the Code on December 1, 2020, the Planning Board applied the prior version to 37 Montreal LLC's application because that was what was in effect at the time of the workshop.

[¶4]  After a pause in activity, 37 Montreal LLC filed a new set of plans with the Planning Board in April 2021.  The City's urban designer, lead planner, and historic preservation program manager conducted a design review of the proposed development, issuing a memorandum authored by the urban designer on May 18, 2021.  Soon after 37 Montreal LLC responded to the memorandum, the Planning Board held a public hearing on July 13, 2021.  Before the hearing, residents from the area submitted comments that focused primarily on the proposed development's height, character, and setbacks.

[¶5]  By early December 2021, 37 Montreal LLC submitted its final application and plans to construct a four-story, twelve-unit residential building.[3]  The proposed building would be forty-five feet in height as measured from a finished grade created by adding fill to the sloping lot.[4]  The building itself would meet the Code's setback requirements.  *See* Portland, Me., Code § 14-140.5(c) (June 5, 2018) (requiring a five-foot side-street setback and a

---

[3] There is a discrepancy in the record about the building's size.  37 Montreal LLC's first application indicated the building would be 23,400 square feet, but its final application stated it would be 22,900 square feet.  The Planning Board concluded that the building would be 23,400 square feet.

[4] The maximum allowable height is forty-five feet because the proposed development has "3 units or more . . . that include at least one workforce housing unit."  Portland, Me., Code § 14-140.5(c) (June 5, 2018) (quotation marks omitted).

ten-foot side-yard setback).  Walls, however, would be constructed within the setbacks to contain the fill upon which the building would sit.

[¶6]   Planning and urban development staff issued a report to the Planning Board on December 10, 2021, concluding that the development satisfied all zoning requirements and recommending that the Planning Board approve the application subject to certain conditions.

[¶7]   The Planning Board held its final hearing on December 14, 2021. Comments submitted before and during the hearing focused on three primary concerns: the development's compliance with the Code's height requirement, the development's compliance with the setback requirements, and the Planning Board's compliance with the Code's historic-preservation design-review requirement.

[¶8]   Specifically, the neighbors argued that the building would exceed the maximum height allowed by the Code of forty-five feet above grade.  *See* Portland, Me., Code § 14-140.5(c).  The Code defines the height of a building as "[t]he vertical measurement from grade, or the predevelopment grade on the islands, to the highest point" of the building.  Portland, Me., Code § 14-47 (Feb. 20, 2019).  The neighbors asserted that this provision requires a building's height to be measured from the natural, unfinished grade, which

means that the proposed building's height would exceed forty-five feet from grade. In contrast, as noted above, 37 Montreal LLC's final plan measured the building's height from the finished grade created by the imported fill.

[¶9] The neighbors also maintained that the proposed development would violate the Code's setback requirements. The Code defines "setback" as "[t]he required distance and the land resulting therefrom between a street line and the closest possible line of conforming *structure*." Portland, Me., Code § 14-47 (emphasis added). The Code defines "structure" as "[a]nything constructed or erected of more than one (1) member which requires a fixed location on the ground or attached to something having a fixed location on the ground." Portland, Me., Code § 14-47. The Code does not define "member." The neighbors argued that the setbacks should be measured from the proposed "retaining walls,"[5] and not from the building, because the walls are "structures" as that term is defined by the Code. The neighbors contended that although the building itself would meet all setback requirements, the retaining walls would not, and the development therefore would not comply with the Code.

---

[5] 37 Montreal LLC characterized the walls as "retaining walls," a characterization with which the neighbors disagree. We use the phrase for ease of reference without suggesting whether the walls are structures under the Code.

[¶10]  Finally, the neighbors argued that the Planning Board could not approve the application because it had not received a written analysis from historic preservation staff as required by the Code's design-review standards. *See* Portland, Me., Code § 14-526(c)(5)(b) (Nov. 7, 2016) (requiring an advisory, historic-preservation design review when a property falls within 100 feet of the Munjoy Hill Historic District.)

[¶11]  At the close of the hearing, the Planning Board unanimously voted to approve 37 Montreal LLC's application.  The Planning Board issued a written decision on December 17, 2021.[6]  The Planning Board stated that its decision was "based upon the application, documents and plans as submitted" as well as the findings in the December 10 report that planning and urban development staff prepared.  Although the Planning Board concluded generally that the proposed development met the Code's site plan, subdivision, and inclusionary-zoning standards, the Planning Board did not include any specific findings related to the challenges that the neighbors raised.

[¶12]  On January 14, 2022, the neighbors filed a Rule 80B petition for review of the Planning Board's decision, naming 37 Montreal LLC as a party in

---

[6] The Planning Board cited section 14-527 for the site plan standards, but section 14-526 appears to be the applicable section.  *See* Portland, Me., Code § 14-526 (Nov. 7, 2016).

interest.[7] *See* M.R. Civ. P. 80B. The neighbors asserted that the Planning Board erred because 37 Montreal LLC's proposed development failed to meet the height, setback, and historic-preservation design-review requirements under the Code. In a judgment issued on August 5, 2022, the Superior Court concluded that the Planning Board did not err and affirmed the Planning Board's decision. The neighbors timely appealed to us. *See* M.R. App. P. 2B(c)(1); M.R. Civ. P. 80B(n); 14 M.R.S. § 1851 (2023).

## II. DISCUSSION

[¶13] We review the Planning Board's decision directly because the Superior Court acted in an intermediate appellate capacity. *See Fitanides v. City of Saco*, 2015 ME 32, ¶ 8, 113 A.3d 1088; *Friends of Cong. Square Park v. City of Portland*, 2014 ME 63, ¶ 7, 91 A.3d 601. "We review the Planning Board's decision for error of law, abuse of discretion or findings not supported by substantial evidence in the record." *Fitanides*, 2015 ME 32, ¶ 8, 113 A.3d 1088 (quotation marks omitted). Because the Planning Board did not make findings

---

[7] All the neighbors live near the development's location and participated in the administrative process. The neighbors' standing has not been challenged in this appeal. *See generally Sahl v. Town of York*, 2000 ME 180, ¶¶ 8-9, 760 A.2d 266.

of fact sufficient for us to determine the basis for its approval, however, we cannot meaningfully review its decision.

[¶14] The Planning Board was required to make findings of fact adequate for judicial review. *See Christian Fellowship & Renewal Ctr. v. Town of Limington*, 2001 ME 16, ¶¶ 15-16, 769 A.2d 834. The Code itself directs that "[e]very final decision of the planning board . . . shall include written findings of fact, and shall specify the reason or reasons for such decision." Portland, Me., Code § 14-27(b) (Aug. 7, 1989). We have also explained that

> [m]eaningful judicial review of an agency decision is not possible without findings of fact sufficient to apprise the court of the decision's basis. In the absence of such findings, a reviewing court cannot effectively determine if an agency's decision is supported by the evidence, and there is a danger of judicial usurpation of administrative functions. Adequate findings also assure more careful administrative considerations, help parties plan cases for rehearing or judicial review and keep agencies within their jurisdiction.

*Chapel Rd. Assocs. v. Town of Wells*, 2001 ME 178, ¶ 10, 787 A.2d 137 (alteration, citations, and quotation marks omitted); *see also Mills v. Town of Eliot*, 2008 ME 134, ¶¶ 18-20, 955 A.2d 258.

[¶15] Here, because the Planning Board's decision does not contain any of the required findings, meaningful judicial review is impossible. The Planning Board did not explain its conclusions or reasoning related to the

proposed development's height or setbacks. Further, its decision does not mention or discuss the historic-preservation design-review requirement.

[¶16] Although the parties argue the facts to us as though the Planning Board made certain findings, "this is not a case in which the facts are obvious from the record." *Widewaters Stillwater Co. v. Bangor Area Citizens Organized for Responsible Dev.*, 2002 ME 27, ¶ 12, 790 A.2d 597; *see Chapel Rd. Assocs.*, 2001 ME 178, ¶ 12, 787 A.2d 137. For example, it is not obvious whether the Planning Board found that the retaining walls are not "structures" within the meaning of the Code. Absent some illumination of the Planning Board's reasoning, we cannot determine in this appeal whether its ultimate conclusion was supported by both the record evidence and a correct construction of the applicable provisions of the Code.

[¶17] We also cannot treat the comments that individual Planning Board members made during the hearing as factual findings of the whole Planning Board. *See Carroll v. Town of Rockport*, 2003 ME 135, ¶ 28, 837 A.2d 148 ("[F]indings, whether in writing or stated orally, must be a statement of the decision-maker's findings, not the views of individual members of the decision-making agency."); *Fair Elections Portland, Inc. v. City of Portland*, 2021 ME 32, ¶ 37, 252 A.3d 504 ("[W]e can neither infer that any particular comment

represents the decision of the City Council nor deduce the City Council's reasoning based on the comments as a whole.").

[¶18]  In short, we cannot "review the matter by implying the findings and grounds for the decision from the available record."  *Chapel Rd. Assocs.*, 2001 ME 178, ¶ 13, 787 A.2d 137.

[¶19]  "The remedy for an agency's failure to make sufficient and clear findings of fact is a remand to the agency for findings that permit meaningful judicial review."  *Id.*  (alterations and quotation marks omitted); *see Fair Elections Portland, Inc.*, 2021 ME 32, ¶ 38, 252 A.3d 504.  Accordingly, we must remand this case to the Superior Court with instructions to further remand to the Planning Board for findings of fact.

The entry is:

> Judgment vacated.  Remanded to the Superior Court with instructions to remand to the City of Portland Planning Board for findings of fact.

Elizabeth A. Boepple, Esq., and Michael D. Traister, Esq. (orally), Murray, Plumb & Murray, Portland, for appellants Peter L. Murray, Deborah D. Murray, Carol Connor, Michael Hoover, and Jean McManamy

Natalie L. Burns, Esq. (orally), and Mark A. Bower, Esq., Jensen Baird, Portland, for appellee 37 Montreal LLC

Amy R. McNally, Esq. (orally), City of Portland, Portland, for appellee City of Portland

Cumberland County Superior Court docket number AP-2022-03
FOR CLERK REFERENCE ONLY